UNITED STATES of America,
Appellee,

v.

Richard Ray PARSON, Appellant.

No. 24743.

United States Court of Appeals,
Ninth Circuit.

Dec. 7, 1971.

Rehearing Denied March 22, 1972.

Dek Ketchum, San Francisco, Cal., for appellant.

Stan Pitkin, U. S. Atty., Paul S. Fenton, Asst. U. S. Atty., John M. Darrah, Asst. U. S. Atty., Seattle, Wash., for appellee.

Before ELY and WRIGHT, Circuit Judges, and McNICHOLS, District Judge.*

* The Honorable Ray McNichols, United States District Judge for the District of Idaho, sitting by designation.

PER CURIAM:

Appellant Parson was indicted along with one Kenneth Lloyd Pendleton in a three count indictment alleging violation of subsections of 18 U.S.C. § 2113, prohibiting robbery of federally insured banks. Pendleton alone was charged in the first count of the indictment with robbery of a bank on January 15, 1969. Parson and Pendleton were jointly charged in counts two and three with robbing the same bank on March 24, 1969; count two charging violation of 28 U.S.C. § 2113(a) (bank robbery) and count three charging violation of 28 U.S.C. § 2113(d) (armed bank robbery). The jury convicted on all counts. Parson was sentenced to twenty years on each of counts two and three, the sentences to run concurrently.

The principal issue raised by this appeal revolves around a denial by the trial judge of a last minute motion to sever and for a separate trial for appellant. On the morning set for trial, counsel for Parson, for the first time, made the motion to sever the defendant from the co-defendant and permit a separate trial. The motion correctly pointed out that count one of the indictment dealt with an offense in which Parson was not alleged to have participated and which was not connected with the offenses alleged in the second and third counts. Government counsel forthrightly advised the court that the Government did not contend that the two offenses were connected. The United States Attorney did resist the motion and urged no prejudice would befall the appellant in the presentation of evidence.

■ That appellant was entitled to a severance had the motion been timely made can hardly be argued. Joinder of defendants in the same indictment is only permitted where the persons charged participate in the same act or series of acts constituting the offense or offenses. Fed.R.Crim.P. 8(b). Concededly those requirements were not met here.

■ The trial judge, however, treated the motion as being untimely and the objection therefore waived. Such motions are required to be made prior to trial, usually even prior to plea, and a failure to make the motion constitutes a waiver of the objection. Fed.R.Crim.P. 12(b) (2) and (3). Similar motions have been held, in other circuits, to have been waived when made on the day of trial. United States v. Williams, 421 F. 2d 529 (8th Cir. 1970); Brooks v. United States, 416 F.2d 1044 (5th Cir. 1969); United States v. Hoffa, 349 F.2d 20 (6th Cir. 1965), aff'd, 385 U.S. 293, 87 S.Ct. 408, 17 L.Ed.2d 374 (1966).

The improper joinder here was an obvious one. No adequate reason was given for the delay in bringing the motion. We are of the view that the situation called for the exercise of the court's judicial discretion and no abuse of discretion has been demonstrated. The determination that appellant had waived the right to object to the indictment and thus procure a separate trial was not error of reversible proportion.

Some members of the panel entertained fears that even though the refusal to sever appeared justified, that prejudice to the appellant might have developed in the trial leading to a miscarriage of justice. Accordingly, we have examined the entire record to determine if the joint trial did in fact so prejudice the appellant. We have determined that it did not.

■ Appellant had separate and retained counsel. At the commencement of the case the jury was clearly informed by the court that Parson was not charged with the first robbery and that he was not alleged to be connected with it in any way. The Government reiterated this as its position during the development of the evidence and defense counsel pointed the same up while witness testimony was being adduced. The court included in his final instructions a reminder that appellant was not connected with count one. The evidence in the case was of such a nature that it did not tend to blur so that the jury might have

been confused as to what portions of evidence affected the respective counts. And finally, the evidence of appellant's guilt was overwhelming. Parson obviously had a fair trial.

Appellant offers the further contention that his retained counsel was so inadequate as to deprive him of his constitutional right to effective assistance of counsel. The record belies this contention.

The judgment of conviction is affirmed. However, the imposition of two sentences, even though concurrent, cannot be permitted to stand. The offense defined in 18 U.S.C. § 2113(a), and charged in count two of the indictment necessarily merged into the more serious offense proscribed by 18 U.S.C. § 2113(d) and formed a single offense. The cause is therefore remanded so that the sentences may be vacated and the appellant re-sentenced on the third count of the indictment.

Oakes, Circuit Judge, concurred in the result.