Gil Munoz **LEANO**, Petitioner-Appellant,

v.

**UNITED STATES of America,**
**Respondent-Appellee.**

No. 73-2520.

United States Court of Appeals,
Ninth Circuit.

April 5, 1974.

Gil Munzo Leano, in pro. per.

William D. Keller, U. S. Atty., Brendan D. Lynch, Asst. U. S. Atty., Los Angeles, Cal., for respondent-appellee.

Before KOELSCH, HUFSTEDLER and CHOY, Circuit Judges.

KOELSCH, Circuit Judge:

The district court's refusal to entertain Leano's present motion for relief pursuant to 28 U.S.C. § 2255 can be sustained only if at least one of Leano's two prior motions was determined against him "on the merits" as that term is explicated in Sanders v. United States, 373 U.S. 1, 16, 83 S.Ct. 1068, 10 L.Ed.2d 148 (1963).[1]

■ Because neither denial rested upon an evidentiary hearing, the inquiry must be directed to the files and records of the case to ascertain whether or not they "conclusively show" that the prisoner is entitled to no relief. 28 U.S.C. § 2255. *Sanders, supra.*

In his several applications Leano has charged, in substance, that the sentencing judge enhanced punishment on the basis of a conviction void because he had not been afforded his Sixth Amendment right to counsel. United States v. Tucker, 404 U.S. 443, 92 S.Ct. 589, 30 L.Ed. 2d 592 (1972).

■■ The initial motion was denied by the sentencing judge, who observed in passing that he had not considered Leano's prior conviction when fixing punishment. Such informal disclaimers have indeed been given controlling weight in instances where a petitioner's allegations were essentially all that appeared in the record. United States v. Eidum, 474 F.2d 581 (9th Cir. 1973); Dukes v. United States, 492 F.2d 1187 (9th Cir. 1974).[2] But Leano's allegations do not stand alone. To the contrary, they are fully corroborated; the transcript of the proceedings on Leano's arraignment for sentence makes evident the "reasonable probability" (Tucker v. United States, 431 F.2d 1292, 1294 (9th Cir. 1972)) that the prior conviction played a vital role in the fixing of the questioned sentences.[3] We conclude that

---

1. "This means that if factual issues (were) raised in the prior application, and it was not denied on the basis that the files and records conclusively resolved those issues, an evidentiary hearing was held." Sanders at p. 16, 83 S.Ct. at p. 1077.

2. The statement in *Eidum*, reiterated with approval in *Dukes*, was "This court will not refute the judge's own estimation of the deleterious impact of the prior convictions on his determination of sentence. The record shows on its face that the judge did not consider those convictions in imposing sentence."

3. These sentences were for violations of 21 U.S.C. § 176a. That statute provides a term of not less than five nor more than twenty years for a first offender, and a term of not less than ten nor more than forty years for a second. An offender's status as a recidivist is established by filing an information against him setting forth the prior conviction and either proving or securing an admission of identity. (26 U.S.C. § 7237.)

As the following extracts from the arraignment proceedings show, not only did the district attorney file such an information and Leano admit the allegation, but the district judge during the colloquy and in pronouncing sentence referred to the term that he was imposing as "the minimum."

" * * * *

MR. WALLEN [U. S. Attorney]: Your Honor, at this time the government would like to file an information re prior conviction as to this defendant. May I approach the clerk, your Honor?

THE COURT: Very well. You may.
Mr. Leano.

DEFENDANT LEANO: Yes sir.

THE COURT: The United States Attorney has filed here an information on a prior conviction alleging that on or about

denial of the first motion was not "on the merits."

Leano's second motion was denied by an order which contains the recital that "There is nothing in the petition to indicate that petitioner did other than make a knowing and intelligent waiver of counsel."

█ We fail to understand the import of this statement. True, the allegations appearing in Leano's second application are imprecise, but, as noted above, they are sufficient to charge an unconstitutional denial of counsel and were so regarded both by the court and the district attorney. But even if we construe the statement to mean that the records, etc., affirmatively show a valid waiver of the Sixth Amendment right to counsel—for such a waiver cannot be presumed (Boykin v. Alabama, 395 U.S. 238, 89 S.Ct. 1709, 23 L.Ed.2d 274 (1969))—the court's factual conclusion is simply in error. The sole men-

tion of waiver appears in the commitment wherein it is stated that when Leano was arraigned for sentence, "he appeared in person and without counsel; (that) the court advised the defendant of his right to counsel and asked him whether he desired to have counsel appointed by the court and the defendant thereupon stated that he waived the right to the assistance of counsel." If relevant at all, this recital suggests that when Leano was earlier arraigned for plea, he was then "without counsel."

██ It follows that the denial of the second motion, like the first, was not "on the merits." Accordingly, and as in *Tucker, supra,* 431 F.2d at 1294, the order is vacated and "the cause is remanded to the district court for resentencing without consideration of any prior convictions which is invalid under Gideon v. Wainwright, 372 U.S. 335, 83 S.Ct. 792, 9 L.Ed.2d 799 (1963)."

the 5th day of June, 1950, you appeared as defendant in a case 21219 in the United States District Court of the Southern District of California, Central Division, wherein you entered a plea of guilty to knowingly and unlawfully selling after importation a certain narcotic drug, namely, approximately three and a half grains of heroin, and having then been convicted you were duly sentenced by that court to the custody of the Attorney General for a period of two and a half years in the penitentiary and to pay a fine of one dollar. The court recommended that you be committed to a reformatory type institution. Do you admit or deny that allegation?

DEFENDANT LEANO: I admit it.

*        *        *        *        *

MR. BROWN: . . . I am at liberty to represent, I understand, that the government in this case does not seek or encourage the court to impose more than the maximum sentence of ten years.

THE COURT: I take it you mean the minimum.

MR. BROWN: I mean the minimum. I beg your pardon, your Honor. The mandatory minimum. And it is that sentence upon all of the circumstances of this case that I urge the court to pronounce at this time.

*        *        *        *        *

THE COURT: It will be the judgment of the court that the defendant will be committed to the custody of the Attorney General or his authorized representative for a period of ten years.

THE CLERK: Counts 1 and 2.

THE COURT: On Counts 1 and 2. Sentences thus imposed will run concurrently, one with the other.

*        *        *        *        *

DEFENDANT LEANO: Your Honor, is that a ten-year minimum sentence?

THE COURT: That's the minimum sentence, ten years."