Forrest S. TUCKER, Plaintiff-Appellant,

v.

Jacob B. GUNN, Warden,
Defendant-Appellee.

No. 75–1450.

United States Court of Appeals,
Ninth Circuit.

Sept. 9, 1976.

Rehearing Denied Oct. 4, 1976.

John J. Cleary (argued), of Federal Public Defender, San Diego, Cal., for plaintiff-appellant.

Evelle J. Younger, Atty. Gen. of Cal. (argued), Sacramento, Cal., for defendant-appellee.

Before WRIGHT and SNEED, Circuit Judges, and FITZGERALD,* District Judge.

* Honorable James M. Fitzgerald, United States District Judge, District of Alaska, sitting by designation.

**PER CURIAM:**

Tucker, a state prisoner, appeals from a district court order denying without hearing his petition for a writ of habeas corpus. We affirm.

In 1953 Tucker was convicted in state court at two trials of various counts of armed robbery and of being an habitual criminal. Since 1953 in various proceedings in state court, he has claimed that he did not receive adequate representation at his state trials.

In 1964 Tucker petitioned for a writ of habeas corpus in federal court raising this claim among others. That petition was denied without a hearing because the court determined as a matter of law that Tucker was not entitled to relief. The appeal was abandoned as it related to the first trial, the only one presently under review.

In 1971 Tucker again petitioned for a writ of habeas corpus in federal court. That petition was dismissed without a hearing because of the 1964 dismissal. Again, no appeal was taken. He then filed the instant petition raising the same adequacy of counsel ground for the third time. The district court rested its dismissal on the two prior dismissals in 1964 and 1971.

Whether the instant dismissal is proper depends upon whether at least one of the two prior adjudications of the issue was on the merits. Since an evidentiary hearing has never been held, whether the merits were reached depends upon whether the district court in 1964 or 1971 found that the files and records conclusively demonstrate Tucker is not entitled to relief. *Sanders v. United States*, 373 U.S. 1, 16, 83 S.Ct. 1068, 10 L.Ed.2d 148 (1963).

In 1964 the district court did make such a finding. After reviewing the facts of petitioner's state court proceedings as alleged in his petition, the district court concluded:

> Upon the allegations of petitioner's petition as amended and his traverse, taken in the light most favorable to petitioner,

this Court, as a matter of law, can afford petitioner no relief. Accordingly, respondent's motion to dismiss the petition will be granted.

Since the district court in 1964 assumed the facts to be as alleged in the petition, it was scarcely obligated to survey the record to make factual determinations. On the basis of petitioner's factual allegations alone he was entitled to no relief. The district court granted what was in essence summary judgment for respondents. As such the decision was an adjudication on the merits.

Distinguishable is *Leano v. United States*, 494 F.2d 361, 363 (9th Cir. 1974), wherein we held that a denial of a petition without hearing and without reference to the record could not be considered as "on the merits" if the record put in issue petitioner's factual allegations. In the instant case, by contrast, the facts were not in issue since they were assumed to be as stated in the petition. For this reason, no evidentiary hearing was required. *Townsend v. Sain*, 372 U.S. 293, 312, 83 S.Ct. 745, 9 L.Ed.2d 770 (1963). For the same reason, the decision dismissing the petition must be considered as "on the merits." *See Sanders*, 373 U.S. at 16, 83 S.Ct. 1068.

Since the 1964 decision was "on the merits," it is to be given "[c]ontrolling weight" under *Sanders*, 373 U.S. at 15, 83 S.Ct. 1068. Accordingly, we need not determine whether the district court's 1964 decision was correct or incorrect. Petitioner had the opportunity to appeal it but chose not to do so.

Affirmed.

**SNEED, Circuit Judge (dissenting):**

*Sanders v. United States*, 373 U.S. 1, 15, 83 S.Ct. 1068, 1077, 10 L.Ed.2d 148 (1963) requires that "the ends of justice" be served before controlling weight is given to denial of a prior application for habeas corpus. It is not enough that "the prior determination was on the merits." *Id.* The "ends of justice" must also be served. I can not escape the belief that the petitioner has not

received the full and comprehensive hearing in the federal courts to which his claim entitles him even though the 1964 disposition can be said in a technical sense to be on the merits. Therefore, to accord it controlling weight does not, in my opinion, serve the ends of justice.