UNITED STATES of America,
Plaintiff-Appellee,

v.

John S. WONDRACK, Jr.,
Defendant-Appellant.

No. 77–2339.

United States Court of Appeals,
Ninth Circuit.

July 17, 1978.

Joyle C. Dahl (argued), of Dahl, Zalutsky & Nichols, Portland, Or., for defendant-appellant.

Jack C. Wong, Asst. U. S. Atty. (argued), Portland, Or., for plaintiff-appellee.

Before GOODWIN, WALLACE and HUG, Circuit Judges.

WALLACE, Circuit Judge:

Wondrack asks that we vacate his sentence of four years' imprisonment for violation of 26 U.S.C. § 7201, attempted tax evasion, and remand for resentencing. We decline to do so.

I.

For the years 1967 through 1970, Wondrack timely filed his federal income tax

returns. During this period, his annual taxable income never exceeded $12,807. Wondrack failed to file a return for 1971 prior to the mandatory deadline. In October 1972, Internal Revenue Service agents contacted Wondrack to investigate his failure, as of then, to file a 1971 income tax return. During the interview, Wondrack told the agents that he expected to file his 1971 return very soon and that he anticipated receiving a tax refund.

On December 18, 1972, Wondrack filed his 1971 return. The statement indicated that Wondrack had received approximately $11,400 in wages from his employer and $125,000 in "miscellaneous income." Wondrack was subsequently indicted and tried for attempted income tax evasion. After finding him guilty, the district judge referred Wondrack to the United States Probation Office for the preparation of a presentence report.

During the course of his investigation, the probation officer received information which led him to conclude "that Wondrack's probable source of 'miscellaneous income' was from trafficking narcotics." Specifically, the officer suspected that Wondrack had used his position as a cargo handler for an international air carrier to assist in smuggling narcotics into this country.

At the sentencing hearing, the district judge expressly relied on the information in the presentence report to increase the sentence he would otherwise have imposed.

Wondrack now seeks to avoid application of the rule "that a sentence imposed by a federal district judge, if within statutory limits, is generally not subject to review," *United States v. Tucker,* 404 U.S. 443, 447, 92 S.Ct. 589, 591, 30 L.Ed.2d 592 (1972); *accord, United States v. Sand,* 541 F.2d 1370, 1378 (9th Cir. 1976), *cert. denied,* 429 U.S. 1103, 97 S.Ct. 1130, 51 L.Ed.2d 553

(1977), by bringing his case within the exception recognized in *United States v. Weston,* 448 F.2d 626 (9th Cir. 1971), *cert. denied,* 404 U.S. 1061, 92 S.Ct. 748, 30 L.Ed.2d 749 (1972).

In *Weston* we recognized that "[t]here is a difference between reviewing a sentence and deciding that certain types of information should not, for various reasons, be considered in sentencing." *Id.* at 631. On this basis, we held that a sentence may be reviewed and vacated when it is premised on allegations of serious criminal conduct and "the factual basis for believing the charge [is] almost nil." *Id.* at 633. *See United States v. Cruz,* 523 F.2d 473, 476 (9th Cir. 1975), *cert. denied,* 423 U.S. 1060, 96 S.Ct. 797, 46 L.Ed.2d 651 (1976). Wondrack has not demonstrated, however, that his sentence should be vacated on this basis.

II.

█ The "primary purpose [of the presentence report] is to aid the court in determining the appropriate sentence." Division of Probation, Administrative Office of the United States Courts, Pub. No. 105, The Presentence Investigation Report 1 (1978). In order to provide meaningful assistance to the sentencing judge, the report must contain background and character information concerning the defendant which greatly supplements the information normally produced during the trial, or during the taking of a plea of guilty. In order to protect this policy, the federal courts have clearly ruled that a sentencing judge may consider hearsay information. *See Gregg v. United States,* 394 U.S. 489, 492, 89 S.Ct. 1134, 22 L.Ed.2d 442 (1969); *Williams v. Oklahoma,* 358 U.S. 576, 584, 79 S.Ct. 421, 3 L.Ed.2d 516 (1959); *Williams v. New York,* 337 U.S. 241, 69 S.Ct. 1079, 93 L.Ed. 1337 (1949);[1] *United States v. Chewning,* 458

1. In *Gardner v. Florida,* 430 U.S. 349, 97 S.Ct. 1197, 51 L.Ed.2d 393 (1977), the Supreme Court concluded "that [a defendant] was denied due process of law when the death sentence was imposed, at least in part, on the basis of information [contained in a presentence report] which he had no opportunity to deny or explain." *Id.* at 362, 97 S.Ct. at 1207. By carefully distinguishing *Williams v. New York,* 337 U.S. 241, 69 S.Ct. 1079, 93 L.Ed. 1337 (1949), the plurality made it clear that the vice in *Gardner* was the confidential nature of the information rather than its possible hearsay nature. In the case before us, the record clearly

F.2d 381 (9th Cir. 1972); *accord, United States v. Harris,* 558 F.2d 366, 372–76 (7th Cir. 1977); *United States v. Ashley,* 555 F.2d 462, 466 (5th Cir. 1977); *United States v. Garcia,* 544 F.2d 681, 684 (3d Cir. 1976); *United States v. Bass,* 175 U.S.App. 282, 535 F.2d 110, 119–20 (1976); *United States v. Powell,* 487 F.2d 325, 328 (4th Cir. 1973). In addition, this position seems to be congressionally mandated. *See* 18 U.S.C. § 3577.

■ In light of the fact that the sentencing judge's right to rely on hearsay information has been clearly determined, Wondrack's only tenable contention is that the hearsay relied upon was not adequately supported to pass the *Weston* standard. We disagree.

Although the district judge did consider the report's allegations that the "probable source" of Wondrack's $125,000 of miscellaneous income was narcotics transactions, the record clearly indicates that this reliance was properly based on factual considerations and their logical inferences. The district judge noted that for the several years prior to 1971, Wondrack's income had not exceeded $13,000 per year and that "[i]n the ordinary course of events, a person who is working for a wage or salary of 10, 11, $12,000 doesn't just all of a sudden come into $125,000 of miscellaneous income . . . Now, one is almost irresistably led to the belief that that $125,000 was acquired in some kind of illegal fashion." Wondrack's attorney agreed with this logic. In addition, Wondrack made no attempt to explain the source of the miscellaneous income or to refute the allegations of the report. In fact, Wondrack's attorney even indicated that the report was "accurate to the extent I know the facts."

Finally, the information contained in the report was entirely consistent with facts already before the court. Thus, for example, the judge's factual knowledge of Wondrack's position as a cargo handler for an international airline lent credence to the report's statement that Wondrack had been assisting in smuggling narcotics past customs officers. Similarly, a pretrial stipulation established that during this period Wondrack purchased cashier checks and engaged in other financial dealings with large amounts of cash. While this conduct is of course not illegal, it does lend substantive support to the conclusion that Wondrack's dramatic increase in income was generated by unlawful means.

Thus, consideration that Wondrack's miscellaneous income was probably acquired through drug dealings or some other illegal manner was not "entirely without support," *United States v. Cruz, supra,* 523 F.2d at 476, and was properly considered by the sentencing judge.

AFFIRMED.

---

manifests that Wondrack was given access to the presentence report and had full opportunity

to deny and rebut the information set forth in it.