**Luigi GELFUSO, Petitioner-Appellant,**

v.

**Griffin B. BELL, Attorney General, Respondent-Appellee.**

**John Joseph VACCARO, Jr., Petitioner-Appellant,**

v.

**UNITED STATES of America, Respondent-Appellee.**

Nos. 77-2575, 77-2576.

United States Court of Appeals, Ninth Circuit.

Dec. 13, 1978.

Stephen Yagman, Los Angeles, Cal., Howard W. Gillingham, Los Angeles, Cal., for petitioner-appellant.

Rodney M. Perlman, Sp. Atty., Los Angeles, Cal., for respondent-appellee.

Before CHAMBERS, ELY and WALLACE, Circuit Judges.

PER CURIAM:

Gelfuso and Vaccaro were each convicted of one count of conspiracy and one count of participating in an illegal gambling business in violation of 18 U.S.C. §§ 371, 1955; Vaccaro was also convicted for violating 18 U.S.C. § 1952, which prohibits interstate travel in aid of racketeering enterprises (the same gambling business). Both filed appeals which resulted in affirmances of the convictions. They subsequently filed motions pursuant to 28 U.S.C. § 2255 to vacate or correct their sentences. The district judge denied the motions and they appeal. We affirm.

I

Gelfuso and Vaccaro first argue that their petitions ought to have been determined by a judge other than the one before whom the initial trial was held. They contend that our recent decision in *Farrow v. United States*, 580 F.2d 1339 (9th Cir. 1978) (en banc), which held explicitly that a new judge is not required for a section 2255 motion based on *Tucker* claims,[1] does not foreclose their argument that a new judge is required for their *Townsend* claims.[2] Specifically, they cite a footnote in *Farrow* which, they contend, appears to suggest that the withdrawn panel opinion—which, among other things, implied that a second judge was necessary for *Townsend* claims— still has vitality to the extent that it was not explicitly overruled by the en banc decision. *See id.* at 1344 n. 1. This footnote does not revive the previous panel opinion in *Farrow*. When our order withdrawing the case from the panel was filed, the panel decision, never published, became a nullity.

As we can find no basis on which to distinguish the procedures which should be employed in *Tucker* and *Townsend* claim cases, we explicitly hold that a second judge is not required to hear section 2255 motions that raise *Townsend* claims. The motions of Gelfuso and Vaccaro were thus properly before the district judge who presided at their trials.

II

*Farrow* likewise governs petitioners' contention that they should have been granted hearings on their section 2255 motions.

The clear teaching of *Townsend* and [*United States v.*] *Weston* [448 F.2d 626 (9th Cir. 1971), *cert. denied*, 404 U.S. 1061, [92 S.Ct. 748, 30 L.Ed.2d 749] (1972)] is that a sentence will be vacated on appeal if the challenged information is (1) false or unreliable, and (2) demonstrably made the basis for the sentence. In the context

---

1. *See United States v. Tucker*, 404 U.S. 443, 448–49, 92 S.Ct. 589, 593, 30 L.Ed.2d 592 (1972) (district court may not use constitutionally invalid prior convictions "to support guilt or enhance punishment for another offense"); *Farrow v. United States*, 580 F.2d 1339, 1344 (9th Cir. 1978) (en banc).

2. *See Townsend v. Burke*, 334 U.S. 736, 741, 68 S.Ct. 1252, 1255, 92 L.Ed. 1690 (1948) (improper for court to sentence convicted defendant "on the basis of assumptions concerning his criminal record which were materially untrue"); *Farrow v. United States, supra*, 580 F.2d at 1358.

of a § 2255 proceeding, a motion must be denied unless it affirmatively appears in the record that the court *based* its sentence on improper information.

*Farrow v. United States, supra,* 580 F.2d at 1359 (emphasis in original). There is nothing in the record to indicate that the district judge *based* his sentence on unreliable or false information. His reference to "some aspects of organized crime," [3] the only element of the presentence report that petitioners continue to attack,[4] may have been only a reference to the structure of the operation for which they were convicted.[5]

■ Even were it not, the sentencing judge may properly consider "hearsay evidence of unproved criminal activity not passed on by a court." *Id.* at 1360. Due process in such a case requires only that "unwarranted weight not be given to such information to enhance sentence." *Id.* The judge chose to ignore, and expressly disclaimed reliance upon, the great bulk of these hearsay statements. Counsel for Gelfuso and Vaccaro had ample opportunity to rebut statements made in court and allegations in the presentence report.

There is no affirmative demonstration in the record before us that the district judge *based* his sentence on *improper* information.

AFFIRMED.

---

**3.** The full text of the judge's remarks in this regard is as follows:

The defendant here has been engaged, of course, in a gambling operation which has been characterized as a two-bit penny-ante game, but I don't consider it such. It has some aspects of organized crime which, of course, we cannot tolerate. It wasn't a very successful operation so far as the court has been informed, but it's the type of thing we cannot, of course, tolerate.

**4.** The other allegations contained in the presentence report included one that the gambling operation had been of extremely large magnitude, that the petitioners had been part of a conspiracy to murder a government witness,

and that they had engaged in a number of other criminal activities. The district judge explicitly disclaimed any reliance on or rejected each of these contentions.

**5.** At one point, the judge observed:

It is my conclusion that we are concerned with not simply a simple gambling game but we are concerned with a conspiracy or an agreement or a partnership to engage in a gambling enterprise which has organized gambling implications. To what extent I don't know, but it has got the dimensions and it has got the aura, and for that reason I consider it more serious than a simple gambling offense.