**Gil Munoz LEANO, Petitioner-Appellant,**

v.

**UNITED STATES of America, Respondent-Appellee.**

No. 74–2640.

United States Court of Appeals, Ninth Circuit.

March 5, 1979.

---

Gail M. Title, Deputy Federal Defender, Los Angeles, Cal., for petitioner-appellant.

Brendan D. Lynch, Asst. U. S. Atty., Los Angeles, Cal., for respondent-appellee.

Before KOELSCH and CHOY, Circuit Judges, and McNICHOLS,* District Judge.

PER CURIAM:

In 1968, appellant Leano pleaded guilty to two counts of concealing and transporting imported marijuana in violation of 21 U.S.C. § 176a,[1] and was sentenced to 10 years' imprisonment on each count, to run concurrently. Ten years is the mandatory minimum sentence for violation of § 176a by one who has a prior drug conviction.

---

* Honorable Ray McNichols, United States District Judge for the District of Idaho, sitting by designation.

In *Leano v. United States*, 494 F.2d 361 (9th Cir. 1974) [*Leano* I], this court considered the validity of the district court's sentencing. We determined that the transcript on its face established a "reasonable probability" that "the sentencing judge enhanced punishment on the basis of a conviction void because [Leano] had not been afforded his Sixth Amendment right to counsel. *United States v. Tucker*, 404 U.S. 443, 92 S.Ct. 589, 30 L.Ed.2d 592 (1972)." *Id.* at 362. We thus " 'remanded to the district court for resentencing without consideration of any prior convictions which is [*sic*] invalid under *Gideon v. Wainright*, 372 U.S. 335, 83 S.Ct. 792, 9 L.Ed.2d 799 (1963).' " *Id.* at 363.

Upon remand the original sentencing judge reimposed the identical ten-year sentence, disclaiming reliance upon the invalid prior. Leano again appealed to this court. We consolidated the second *Leano* appeal with the appeal in *Farrow v. United States*, No. 74–2429. Although the panel in the consolidated *Farrow-Leano* appeal split as to the proper resolution of appellant Farrow's claims, it was unanimous in remanding Leano's cause for reconsideration of the sentence. Specifically, the panel wrote that the sentencing judge reimposed

> upon Leano the identical ten-year sentence which the *Leano I* record shows he thought to be the "minimum" (based on the erroneous view that Leano was a second offender) at the time of the original sentencing. *See* 494 F.2d at 362–363 n.3. During the resentencing proceeding, the judge reiterated his earlier disclaimer of reliance on the certification of a prior conviction at the original sentencing even though, as we concluded in *Leano I*, the sentencing transcript manifests otherwise. In addition, the judge gave an "explanation" of his original sentencing at some length, taking the position that he had relied on a recommendation of a ten-year sentence contained in the presentence report. . . . However, the

---

1. This provision was repealed by Pub.L. 91–513, Title III, § 1101(a)(2), 84 Stat. 1291.

cover page of that presentence report . . . clearly indicates that the report was prepared under the assumption that Leano was a second offender . . . . Hence it appears that the judge's recollection of the sentencing proceeding has been dimmed by the intervening years . . . .

. . . [W]here, as here, there is no evidentiary basis for [the judge's "finding" that the original sentence was not enhanced based on improper factors], it must be deemed clearly erroneous, the sentence must be vacated, and the prisoner resentenced . . . . The matter now before us is in essentially the same posture as in *Leano I.* The substantial lingering doubt as to whether the original ten-year sentence may have been based on improper considerations hovers over the new sentence. Accordingly, that sentence must be vacated and the cause remanded for a fresh resentencing. For the judge's sake and the appearance of justice, the Chief Judge of the United States District Court for the Central District of California shall on remand designate a different judge to conduct the resentencing.

After the consolidated *Farrow-Leano* decision was issued, a rehearing en banc was granted in the cause of *Farrow.* No rehearing was requested in the cause of *Leano.* Accordingly, the mandate in *Leano* was not withdrawn. *See Farrow v. United States,* 580 F.2d 1339, 1344 n.1 (9th Cir. 1978) (en banc). Nonetheless, the consolidated *Farrow-Leano* opinion was withdrawn. *Gelfuso v. Bell,* 590 F.2d 754, 755 (9th Cir. 1978).

Pursuant to the *Leano* mandate, the remand of *Leano* was assigned to a different judge for reconsideration of the sentence. That judge reduced Leano's sentence from ten years to eight years on each count, to run concurrently.

Although the consolidated panel decision in *Farrow-Leano* has been withdrawn, and although the cause of *Leano* was not directly in issue in the en banc consideration of *Farrow,* this court en banc placed its impri-matur upon the panel's unanimous *Leano* analysis. The court en banc noted:

> [W]here the district judge's disclaimer of reliance on the invalid priors is in fact contradicted by the record, we have held that the case must be remanded for resentencing without consideration of any prior conviction invalid under *Gideon. Leano v. United States,* 494 F.2d 361 (9th Cir. 1974). . . . *Leano* represented an exception to the procedures [approved in *Farrow* for *Tucker* claims] where there was "no support in the record for the court's statement that it had not relied on the prior," and indeed, "it was clear that the trial judge imposed the ten-year sentence *because of* the prior conviction." *Wilson v. United States,* 534 F.2d at 131 (emphasis added).

*Farrow,* 580 F.2d at 1348 (en banc) (footnote omitted).

The court en banc also approved of our direction that a different judge should conduct the resentencing. After noting that "*Tucker* petitions . . . should ordinarily be decided by the original sentencing judge," 580 F.2d at 1351, the court en banc, through Judge Choy, added:

> As our decisions in *Leano* . . . and *Wilson v. United States,* 534 F.2d 130, 133 (9th Cir. 1976) make clear, there is an important distinction between the ordinary *Tucker* case and cases in which the sentencing judge's determination of a § 2255 *Tucker* petition is inconsistent with the record. The fact that the record in *Leano* contradicted the sentencing judge's disclaimer of reliance on an allegedly invalid prior—he considered the minimum sentence to be ten years, which could not have been the case if he had disregarded the challenged conviction— was the basis for the author's concurrence in . . . remanding the case to a new judge for resentencing. . . .
> As stated in *United States v. Robin,* 553 F.2d 8, 11 (2d Cir. 1977), "[i]n the rare case where a judge has repeatedly adhered to an erroneous view after the error is called to his attention [citation omitted], reassignment to another judge

**560**

may be advisable in order to avoid 'an exercise in futility [in which] the Court is merely marching up the hill only to march right down again,' *United States v. Tucker*, 404 U.S. 443, 452, 92 S.Ct. 589, 594, 30 L.Ed.2d 592 (1972) (Blackmun, J., dissenting)."

Id. at 1351–52 n.20.

In short, this court's en banc decision in *Farrow* confirms the propriety of the remand of *Leano* to the district court with instruction for resentencing by a different judge.