UNITED STATES of America, Plaintiff,

v.

Edward James MASON, Defendant.

Nos. Civ. 80–3545 WHO, Crim.
78–235 WHO.

United States District Court,
N. D. California.

March 2, 1981.

Edward James Mason, in pro. per.

G. William Hunter, U. S. Atty., San Francisco, Cal., for plaintiff.

## OPINION

ORRICK, District Judge.

In 1978, Edward James Mason ("petitioner"), assisted by counsel, pled guilty to armed robbery in violation of 18 U.S.C. § 2113 and was sentenced to twelve years in prison. Petitioner moves for reconsideration of his sentence claiming, first, that the sentencing judge[1] improperly imposed sentence under two subsections of 18 U.S.C. § 2113(a) and (d), for simultaneous violations of two or more provisions, and, second, that the sentencing judge relied on erroneous information about another robbery in which Mason was not a suspect.

This Court has obtained and reviewed the transcript of the sentencing hearing held on July 18, 1978, the presentence report, and the file to evaluate the merits of the petitioner's claims. For the following reasons, the Court denies petitioner's motion to reconsider sentence.[2]

### I

Petitioner contends he was improperly sentenced under two subsections of the same statute, 18 U.S.C. § 2113(a) and (d),[3] for one act of armed bank robbery. Subsection (a) makes it a federal crime to rob certain banks and subsection (d) provides for enhancement of the available penalty when a dangerous weapon is used in the bank robbery.

Ninth Circuit cases clearly hold that separate penalties under 18 U.S.C. § 2113(a) and (d) are improper, whether imposed consecutively or concurrently, because subsection (d) does not create a separate offense. *United States v. Parson*, 452 F.2d 1007, 1009 (9th Cir. 1971). *See United States v. Faleafine*, 492 F.2d 18, 23–24 (9th Cir. 1974), and the cases cited therein. It is evident from the file and the transcript, however, that the sentencing judge did not issue two separate sentences. He simply stated:

"[I]t will be the sentence of the court that the defendant will be committed to the custody of the Attorney General or his duly authorized representative for a period of twelve years." R.T. at 20.

The sentencing judge did not specify that he was giving defendant two sentences to serve, either concurrently or consecutively. Contrasted with this sentence are those issued in the cases cited in *Faleafine, supra*, 492 F.2d at 23–24, in which the sentencing judge had explicitly sentenced defendants for violations of both subsections (a) and (d) of § 2113 to run concurrently or consecutively. *See, e. g., United States v. Parson*, 452 F.2d 1007, 1008 (9th Cir. 1971). Both the indictment, filed May 10, 1978, and the judgment, filed July 18, 1978, charge only one count: "§ 2113(a)(d)—Armed Bank Robbery." In contrast, when a defendant receives one sentence for each subsection, the indictment usually charges two separate counts, one for subsection (a) and one for

---

1. A request for sentencing relief normally is made to the court that sentenced petitioner. In this instance, the case had been transferred to this Court because the sentencing judge has resigned from the Court.

2. Petitioner's motion for appointment of counsel is also denied.

3. 18 U.S.C. § 2113(a), (d) provides:

"(a) Whoever, by force and violence, or by intimidation, takes, or attempts to take, from the person or presence of another any property or money or any other thing of value belonging to, or in the care, custody, control, management, or possession of, any bank, or any savings and loan association; or

Whoever enters or attempts to enter any bank, or any savings and loan association, or any building used in whole or in part as a bank, or as a savings and loan association,

with intent to commit in such bank, or in such savings and loan association, or building, or part thereof, so used, any felony affecting such bank or such savings and loan association and in violation of any statute of the United States, or any larceny—

Shall be fined not more than $5,000 or imprisoned not more than twenty years, or both.

\* \* \* \* \* \*

(d) Whoever, in committing, or in attempting to commit, any offense defined in subsections (a) and (b) of this section, assaults any person, or puts in jeopardy the life of any person by the use of a dangerous weapon or device, shall be fined not more than $10,000 or imprisoned not more than twenty-five years, or both."

subsection (b). *See, e. g., Bayless v. United States,* 347 F.2d 354, 354–55 (9th Cir. 1965).

It is apparent that the single count "§ 2113(a)(d)" specifies a violation of § 2113(d) while committing a violation of § 2113(a). Subsection (d) enhances a sentence when a defendant commits an offense defined in subsections (a) *or* (b) of § 2113. Had petitioner used a dangerous weapon while violating § 2113(b) (stealing from a bank without using force or intimidation of people), the indictment would have charged petitioner under § 2113(b), (d). The Court's explanation is reinforced by the holding of *Lynch v. United States,* 364 F.2d 313 (9th Cir. 1966) (defendant who pled guilty to a violation of 18 U.S.C. § 2113(a) and (d) and who was sentenced for a term of ten years was not sentenced under two separate offenses).

## II

Petitioner also contends that erroneous information about a separate robbery prompted the sentencing judge to call him an "assassin" and to impose a harsher penalty than otherwise was appropriate. The Court must recite the facts underlying this charge to analyze petitioner's claim.

The presentence report on petitioner stated that on April 25, 1978, one Eddie Boggs and he were arrested while fleeing in a car which had just been stolen at gunpoint from a parking lot attendant. The report asserts that Mason participated in the robbery and that the suspect was armed. The report also states that a gun recovered from the car had been stolen from a hospital security guard one week earlier. During that robbery, one of the three robbers shot the guard point-blank in the chest. Finally, the report states that petitioner was suspected in two other armed bank robberies, and that after the arrest of co-defendant Freddie Allen, Allen affirmatively implicated petitioner in those bank robberies.

The sentencing judge repeatedly expressed concern about petitioner's use of guns in robberies, particularly in the shooting incident.[4] Having read the presentence

---

4. R.T. at 10, 11–12:

"THE COURT: I am not interested in the robbing of the cars, but I am interested in your client, who was the man who tried to murder the hospital security man.

MR. PORTMAN [defense counsel]: No, he was not. I don't believe that there is any evidence at all to connect him to the robbery of that car and the shooting of that attendant.

THE COURT: Well, you are absolutely right; there is no evidence that he is the one that did it, but he was in the presence of the gun that had been taken from that security agent. This cold-blooded attempt to assassinate this man appalls me.

MR. PORTMAN: I think it appalls anyone. There were two people in that car, Boggs and my client, when they were arrested.

THE COURT: Yes.

MR. PORTMAN: My client was not the person who robbed those cars. The fair inference is it was Boggs.

THE COURT: I don't know how we know it was or wasn't. There was a witness who couldn't identify him. That is all we know.

 *  *  *  *  *  *

THE COURT: Well, according to the information given by the codefendant, your client was the one responsible for providing all of the equipment, including the weapons. That's not terribly helpful to him where one of the weapons was obtained under circumstances where there was an attempt to murder somebody, and fortuitously it didn't work out.

MR. PORTMAN: That statement was made by Freddie Joe Allen after he was arrested, and it was his attempt to shift as much blame as possible to other people in connection with these offenses. It was also made by a narcotics addict.

It does not mention anything about the particular incident at which the attendant at the hospital parking lot was shot; nor do I think, as a matter of fact, if I am correct, that Allen said nothing about the particular robbery associated with the incident, with the robbery of the car from the parking lot attendant.

THE COURT: It may well be that the word is out that if you identify the defendant, it is much better not to identify somebody who may assassinate you afterwards.

I am just terribly concerned with the use of the handguns and the attempt to murder perspective witnesses.

MR. PORTMAN: Well, I think the Court's concern is very legitimate, but the problem I have is: Is the evidence we have before us sufficient to link my client to that? The only thing that links it to him is the fact that that gun was found in his car the day of his arrest.

Countering that is the fact that the robbery of the car that he was in took place 15

report, defendant's counsel strenuously denied petitioner's participation in either the shooting of the hospital guard or the armed robbery of the parking lot attendant. R.T. 9–12. He called to the court's attention that the presentence report was inaccurate because it failed to mention that the parking lot attendant could not identify petitioner and that the state thereafter dropped its charges against petitioner. R.T. 8–9. He admitted, however, that the gun stolen from the security guard was found in the car in which petitioner was riding and that the car had been stolen by an armed robber only fifteen minutes before petitioner was apprehended in it. R.T. 8, 11.

When imposing sentence, the judge may consider evidence of other crimes committed by the defendant even though he was never brought to trial. *United States v. Greenbank*, 491 F.2d 184, 189 (9th Cir. 1974), *cert. denied*, 417 U.S. 931, 94 S.Ct. 2642, 41 L.Ed.2d 234 (1974). A sentence will be vacated only if the judge uses information which is (1) false or unreliable, *and* (2) demonstrably made the basis for the sentence. *Farrow v. United States*, 580 F.2d 1339, 1359 (9th Cir. 1979).

Petitioner cannot establish either prong of the test set forth in *Farrow* to merit resentencing. First, the information contained in petitioner's presentence report is not false. Petitioner's counsel admits that petitioner was found in a recently stolen car which also contained a gun taken in a shooting incident one week earlier. Insofar as the report omitted exculpatory evidence about the failure of the attendant to identify petitioner, counsel apprised the Court of this fact.

What petitioner really objects to are the inferences the sentencing judge made that petitioner participated in the shooting of the security guard and the armed robbery of the parking lot attendant. A judge may draw reasonable inferences that a defendant has committed other crimes provided that there is some underlying factual basis for the inference. *United States v. Robelo*, 596 F.2d 868 (9th Cir. 1979). In *Robelo*, defendant was convicted of smuggling cocaine into the country from Peru. Defendant claimed to have financed the trip himself by saving $9,000, although he was generally unemployed. The judge drew the inferences that defendant probably belonged to a group of persons involved in drug smuggling and that he probably had committed similar crimes. The judge sentenced defendant to a longer term than is usual for a first-time offender. The Court of Appeals held that these inferences were reasonable since defendant had been unemployed and could not have been acting without financing from someone else. Also, defendant's ability to locate a seller in Peru and perform a purity test on the cocaine, which he admitted to doing, indicated prior experience. *Id.* at 870.

In the instant case, the sentencing judge inferred from the sentencing report that petitioner may have shot the security guard based on the facts that the stolen gun was found in his presence and that his co-defendant claimed petitioner supplied all the equipment for the bank robberies. The sentencing judge arrived at this conclusion fully aware of all exculpatory evidence and of defendant's version of the story. Thus, this case differs from *United States v. Weston*, 448 F.2d 626 (9th Cir. 1971), *cert. denied*, 404 U.S. 1061, 92 S.Ct. 748, 30 L.Ed.2d 749 (1972), where the Court of Appeals vacated a sentence enhanced by the sentencing judge's belief that the defendant, who had

minutes earlier—the victim in that robbery, the parking attendant, said he couldn't identify him. They were not disguised. The individual was Boggs. That was the robbery.
THE COURT: Well, maybe he knew that your client was the one that tried to assassinate the hospital security guard and was not a good man to identify.
MR. PORTMAN: I think such discrimination among robbers is somewhat unusual.

THE COURT: It might be. It might be that he has a reputation in the community for being a very dangerous person.
MR. PORTMAN: There is nothing other than what I mentioned to link him to the particular robbery of the car and that shooting other than the gun, which was found in the car occupied by my client and by Boggs."

been convicted of possession of cocaine, was a major distributor in the state. The Court of Appeals found the factual basis for this belief—the opinion of unidentified personnel in the Bureau of Narcotics and the unsworn statement of one agent that an informer had given him information lending partial support to the charge—to be too slim. *See also United States v. Perri*, 513 F.2d 572 (9th Cir. 1975) (sentence vacated where judge stated he was giving the maximum penalty because of information contained in the presentence report that the defendant was affiliated with organized crime and where defense counsel was not permitted to see the report).

To summarize, where the sentencing judge drew reasonable inferences from specific facts in the presentence report and where defense counsel, having had the opportunity to read the presentence report, informed the judge of exculpatory evidence not contained in the report, the judge's sentence of twelve years will not be vacated.

Petitioner also cannot demonstrate the second prong of the *Farrow* test, that the sentencing judge demonstrably based his sentence upon this information. The record reflects that the judge was concerned about petitioner's involvement in the shooting and that he felt petitioner should be warehoused as a dangerous individual. However, he did not specifically enhance the sentence appropriate for the serious crime to which petitioner pled guilty, armed bank robbery, based on any belief that petitioner shot the hospital security guard. There were no explicit statements, nor was there direct evidence of enhancement as in *United States v. Weston, supra* (judge stated he would sentence defendant to five years; after reading allegations in presentence report, he stated that he was forced to give her fifteen years), or *United States v. Perri* (judge stated he was sentencing defendant to the maximum term because of allegations in the presentence report that he was affiliated with organized crime).

■ Here, the record gives no indication that the sentencing judge thought a lesser term of years appropriate for armed bank robbery if petitioner had not participated in the shooting. In view of the judge's grave concern over what he termed a "cold-blooded attempt to assassinate a witness," his sentence of twelve years out of a possible twenty-five years is too moderate to suggest that he believed petitioner had shot the security guard. In addition, the judge's sentence was only four years more than the eight years suggested by the defense counsel and less than half the maximum set by law. Petitioner's extensive criminal record and increasing use of weapons recounted by the presentence report certainly justified a twelve-year sentence by themselves.

Accordingly, the petition sought by the Section 2255 motion is hereby denied in all respects. Petitioner is granted leave to file the motion *in forma pauperis*. Petitioner's request for appointment of counsel is denied.