UNITED STATES of America, Respondent,

v.

William VON SULTZER, Movant,

Nos. CR–R–79–60–ECR, CV–R–81–221–ECR.

United States District Court, D. Nevada.

Feb. 2, 1982.

---

Lamond R. Mills, U.S. Atty., Reno, Nev., for United States of America.

William Von Sultzer, in pro. per.

## MEMORANDUM DECISION AND ORDER

EDWARD C. REED, Jr., District Judge.

Movant, William Von Sultzer, has filed a motion pursuant to 28 U.S.C. § 2255 to vacate, set aside or correct the seven-year sentence imposed on him by the undersigned. The sentence arose from his counseled plea of guilty to a charge of conspiracy to import cocaine (21 U.S.C. § 963). In addition to the seven-year prison term, a special parole term of three years was ordered. The maximum penalties that could have been imposed on Movant were fifteen years in prison and a $25,000 fine. 21 U.S.C. § 960(b)(1). The three-year special parole term is the minimum allowed. *Id.*

Four grounds have been urged for granting the motion. One is described as "disparity of sentence". Movant is under the impression that one of his co-defendants, Samuel Cutkomp, also was sentenced to a seven-year term, by another judge. Since there is evidence to indicate that Mr. Cutkomp was higher up in the conspiracy and, therefore, more culpable, Movant argues that the identical prison terms are unfair to him. The fact is that Mr. Cutkomp was sentenced to a twelve-year term by the other judge. Therefore, the factual basis for this ground does not exist.

The other three grounds all involve the Probation Office and its presentence investigation report (hereinafter PSI) to me, based on its study of Movant. He objects to hearsay contained in the PSI, such as allegations that he on two occasions paid couriers in part with cocaine. My acceptance of the PSI's contentions as to the connection of Movant to the large amounts of money involved in the drug conspiracy (so that I referred to Movant as "the money

man in charge of the money") is objected to as untrue. The amount of money involved (Movant alleges it was less than the PSI indicates), the use of Movant's house as a meeting place and drop off point (he contends that he was only a co-owner of the house, that it belonged to Mr. Cutkomp as much as to himself, and although many meetings were held there it was used as a drop off point only one time), and the allegation that the house was given to Movant by Mr. Cutkomp as compensation for Movant's activities in the drug smuggling (also denied by Movant) are examples of facts stated in the PSI which Movant told a probation officer were untrue. Movant argues that the PSI should have been corrected before sentence was imposed. Because it wasn't, he alleges he is prejudiced in the eyes of the Bureau of Prisons and the Parole Board.

Both Movant and his attorney were given access to the PSI before the sentencing hearing. They both pointed out the purported factual errors contained therein during the hearing. Nevertheless, they both stated that they had no evidence to present.

*Discussion* :

■ The effect of an erroneous presentence report on parole authorities cannot be remedied in a 28 U.S.C. § 2255 proceeding, which can reach only the sentence imposed and not its execution. *Brown v. United States*, 610 F.2d 672 (9th Cir. 1980).

■ As to the sentence imposed, due process requires that it not be handed down carelessly and based on materially false information that the defendant had no opportunity to correct. *Townsend v. Burke*, 334 U.S. 736, 68 S.Ct. 1252, 92 L.Ed. 1690 (1948). However, *Townsend* also teaches that mere error in resolving a question of fact on a plea of guilty does not necessarily violate due process.

"Fair prosecutors and conscientious judges sometimes are misinformed or draw inferences from conflicting evidence with which we would not agree. But even an erroneous judgment, based on a scrupulous and diligent search for truth, may be due process of law." *Id.*, at p. 741, 68 S.Ct. at 1255.

Thus, what is essential is that the sentencing judge decide upon the sentence after being made aware of all exculpatory evidence and of the defendant's version of the story. *United States v. Mason*, 510 F.Supp. 87 (N.D.Cal.1981); *Farrow v. United States*, 580 F.2d 1339 (9th Cir. 1978). Movant's version of the facts were presented both in the PSI and at the sentencing hearing. *See United States v. Wright*, 593 F.2d 105 (9th Cir. 1979). The same is true of exculpatory and otherwise favorable matters, such as Movant's considerateness and kindness in dealing with his family and friends, his reliability and integrity in business relationships, and his finding of religion. In addition, many sincere and laudatory letters written by others on behalf of Movant were received and read by the undersigned prior to the sentencing. The Court was informed several times of Movant's clean past record.

■ A sentence will be vacated only if the sentencing judge used challenged information that was false or unreliable *and* demonstrably made the basis for the sentence. *Farrow v. United States, supra; Gelfuso v. Bell*, 590 F.2d 754 (9th Cir. 1978); *United States v. Mason, supra*. In sentencing Movant, only one challenged fact served as a basis for enhancement of his sentence; that was my finding that he was in charge of the money. The other allegedly erroneous information was considered of lesser importance by me in determining the proper sentence. The significant factors I utilized were: (1) Movant played an active role in the conspiracy the entire period covered by the indictment; (2) Movant introduced Mr. Cutkomp to the Peruvian chemist who subsequently supplied the cocaine, thus putting the drug smuggling conspiracy into business; and (3) Movant took care of, packaged and transferred large sums of money for the purposes of the conspiracy, so that he might accurately be characterized as "the money man". Although Mr. Cutkomp was even more culpable, Movant ranked close to him in the conspiratorial hierarchy.

■ The sentencing judge has broad discretion in determining the reliability of sen-

tencing information. *United States v. Morgan*, 595 F.2d 1134 (9th Cir. 1979). Nevertheless, the information relied upon must be persuasive as to the conclusions reached therefrom. *See United States v. Weston*, 448 F.2d 626 (9th Cir. 1971). Yet, hearsay evidence may be considered. *United States v. Wondrack*, 578 F.2d 808 (9th Cir. 1978); *Gelfuso v. Bell, supra; Farrow v. United States, supra.* Further, the sentencing judge may draw reasonable inferences from the facts before him. *United States v. Robelo*, 596 F.2d 868 (9th Cir. 1979); *see also United States v. Wondrack, supra; United States v. Mason, supra.*

A number of facts were before me which led me to infer that Movant was "the money man". He wrote: "I did do what I was told or asked to do a few times, concerning money and picking up people." Also, he acknowledged, in writing, that he had held money for Mr. Cutkomp from time to time, because the latter trusted Movant. A fellow conspirator, Bruce Lebow, reported that he had been present at Movant's house on one occasion when Movant, Cutkomp and others had packed approximately $70,000 into an electronic speaker for transport out of the United States for the purchase of cocaine. On another occasion, the same fellow conspirator went to Movant's house, where Movant gave him $50,000, packed in baby powder cans, to be used for the purchase of cocaine. On a third occasion, Mr. Lebow went to Movant's home, where Movant gave him $60,000, contained in two gift boxes. At Movant's direction, Lebow took the money to Mexico, where he turned it over to Mr. Cutkomp. Still another fellow conspirator, Rick Owen, reported that he, Movant and Mr. Cutkomp filled baby powder cans with approximately $100,000 at Movant's beach house. The money was to be transported out of the country for the purpose of purchasing cocaine. Movant was made aware of this potential coconspirators' testimony against him at the hearing where he changed his plea to guilty of the conspiracy for which he has been sentenced. I find it reasonable to infer from this information that Movant was the person primarily responsible for the safekeeping, packaging and transferring of substantial amounts of money used in the conspiracy.

With exceptions not here applicable, the rule is that the burden rests with the defendant to show that information relied on in sentencing was false; mere contentions of falsity don't sustain that burden. *See United States v. Miller*, 588 F.2d 1256 (9th Cir. 1979); *United States v. Morgan*, 595 F.2d 1134 (9th Cir. 1979). Movant here has not sustained his burden. He and his counsel both stated that they had no evidence to present. Significantly, no request for a continuance was requested to enable Movant to marshal any evidence. *United States v. Miller, supra*, at n.7.

In points and authorities submitted in support of his motion, Movant cites three cases (*Haller v. Robbins*, 409 F.2d 857 (1st Cir. 1969); *United States v. Solomon*, 422 F.2d 1110 (7th Cir. 1970); *United States v. Rosner*, 485 F.2d 1213 (2nd Cir. 1973)) for the proposition that a separate hearing, after notice, is required as to all matters in the PSI that are outside the record. Each of those cases must be distinguished on the ground that the challenged information was submitted to the sentencing judge by the prosecution, rather than by an independent probation officer. Also, the submissions were *in camera*, so that the defendant had no opportunity to refute the factual allegations and conclusions contained therein. Such was not the case with Movant.

I am denying Movant's § 2255 motion without a hearing. Rule 8 of the Rules Governing Section 2255 Proceedings provides that the judge, after examining the record, shall determine whether an evidentiary hearing is required. The purpose of those Rules is to avoid an evidentiary hearing where one would be unnecessary. *Farrow v. United States*, 580 F.2d 1339, at n.23 (9th Cir. 1978). Where the opportunity has been provided a defendant at his sentencing hearing to dispute the accuracy of the Probation Department's presentence investigation report, his subsequent § 2255 motion does not require an evidentiary hearing. *United States v. Leonard*, 589 F.2d 470 (9th

Cir. 1979). In Movant's case, I have been apprised of his version of the facts (1) in the PSI, (2) at the sentencing hearing by arguments made by both Movant and his attorney, (3) by the papers presented in support of a Fed.R.Crim.P. Rule 35 motion heretofore made by Movant, and (4) by the papers supporting the instant § 2255 motion. An evidentiary hearing, therefore, is not needed to inform me of Movant's position as to the facts. *See Farrow v. United States, supra; Brown v. United States*, 610 F.2d 672 (9th Cir. 1980). The motion, files and records of the case conclusively show that Movant is entitled to no relief. *See Farrow v. United States, supra; United States v. Taylor*, 648 F.2d 565 (9th Cir. 1981); *United States v. Boniface*, 601 F.2d 390 (9th Cir. 1979).

IT IS, THEREFORE, HEREBY ORDERED that Movant William Von Sultzer's 28 U.S.C. § 2255 motion be, and the same hereby is, DENIED.