**UNITED STATES of America, Plaintiff,**

v.

**Esteban Leon GONZALEZ, Defendant.**

**No. CR82–68–FR.**

United States District Court,
D. Oregon.

Dec. 2, 1983.

Charles H. Turner, U.S. Atty., Ellen F. Rosenblum, Asst. U.S. Atty., Portland, Or., for plaintiff.

Constance Crooker, Portland, Or., for defendant.

FRYE, District Judge.

The matter before the court is defendant's motion to strike portions of the presentence report.

The issue in this motion is whether in setting defendant's sentence this court may consider evidence in the presentence investigation which tends to implicate defendant in nine other bank robberies. Defendant was convicted of being an accessory after the fact to a bank robbery and of receiving stolen funds.

Defendant argues that reliance on such information violates defendant's right against self-incrimination, his right to confront witnesses against him, and his right to due process of law. The government contends that the court may rely upon reliable information implicating defendant in prior crimes, even though defendant has not been indicted or convicted of those crimes.

■ 18 U.S.C. § 3577 explicitly directs that no limitation shall be placed on the information a judge may receive and consider prior to sentencing. Federal Rule of Evidence 1101(d)(3) provides that the ordinary rules of evidence do not apply in sentencing procedures. In a presentence report a judge may consider hearsay information bearing no relationship to the crime of which the defendant has been convicted. *Gregg v. United States,* 394 U.S. 489, 89 S.Ct. 1134, 22 L.Ed.2d 442 (1969).

■ As to hearsay information implicating a defendant in prior crimes of which defendant was not convicted, there is no *per se* rule that a court may not consider such information in arriving at a sentence. *See Farrow v. United States,* 580 F.2d 1339, 1344 n. 2, 1358 n. 32, 1358–60 (9th Cir.1978). In *United States v. Wondrack,* 578 F.2d 808 (9th Cir.1978), the defendant was convicted of attempted income tax evasion. During the presentence investigation the probation officer received information indicating that the probable source of $125,000 listed as "miscellaneous income" was defendant's trafficking in narcotics. The sentencing judge expressly relied on this information to increase the sentence he otherwise would have imposed. *Id.* at 809. The Court of Appeals upheld the sentence. Relying on the analysis of *United States v. Weston,* 448 F.2d 626 (9th Cir.1971), *cert. denied* 404 U.S. 1061, 92 S.Ct. 748, 30 L.Ed.2d 749 (1972), the court indicated that a judge may rely upon hearsay information of prior criminal acts, so long as the hearsay is adequately supported:

> [A] sentence may be reviewed and vacated when it is premised on allegations of serious criminal conduct *and* "the factual basis for believing the charge is almost nil." [*Weston*] at 633.

*Wondrack, supra,* 578 F.2d at 809 (emphasis added). Taken together, the cases seem to indicate that the crucial consideration is the probable reliability and accuracy of the hearsay information to be relied upon in making the sentence.

In *Weston,* the factual basis for believing the charge of prior criminal conduct

> rested upon only two things: the opinion of unidentified personnel in the Bureau of Narcotics and Dangerous Drugs, and the unsworn statement of one agent that an informer had given him some information lending partial support to the charge.

*Weston, supra,* 448 F.2d at 633. The *Weston* court did not say that the district judge could not ever consider the prior criminal actions of the defendant in setting sentence; rather, the court simply required

"amplifi[cation] by information such as to be persuasive of the validity of the charge there made." *Id.* at 634.

■ In the present case there is substantial evidence to support the accuracy of the information regarding defendant's involvement in prior bank robberies. Although the statement of Mario Castro implicating defendant in the earlier robberies is unsworn hearsay, it is probably reliable for these reasons: (1) The statement not only implicates defendant in these robberies, but also seriously implicates Castro himself; statements made alongside statements against one's own interests are more likely to be true. (2) Castro's statement is supported by a wide range of circumstantial evidence: a) the *modus operandi* of the robbery in which defendant was involved very closely matches that of the earlier robberies; b) Castro was a family friend of Gonzalez and associated with Gonzalez during the period of the robberies; c) a bait bill from one of the earlier robberies was found on Gonzalez. (3) Other evidence also supports the veracity of Castro's statement and the accuracy of the allegation of defendant's involvement in the prior robberies. *See* Affidavit of Stanley Renning.

Given this state of facts, the court finds that the law allows the court to consider evidence that defendant participated in criminal acts in setting a sentence in this case.

IT IS ORDERED that defendant's motion to strike portions of the presentence report is DENIED.