UNITED STATES of America,
Plaintiff-Appellee,

v.

Robert A. MORGAN,
Defendant-Appellant.

No. 78–2296.

United States Court of Appeals,
Ninth Circuit.

March 14, 1979.

Rehearing Denied May 18, 1979.

Howard A. Allen, Asst. U. S. Atty. (on the brief), Michael H. Walsh, U. S. Atty., Howard A. Allen, Asst. U. S. Atty. (argued), San Diego, Cal., for defendant-appellant.

Robert L. Grimes (argued), San Diego, Cal., for plaintiff-appellee.

Before CARTER and HUFSTEDLER, Circuit Judges, and WILLIAM H. ORRICK, District Judge.*

JAMES M. CARTER, Circuit Judge:

Morgan pleaded guilty to one count of a six-count indictment which grew out of his having possessed and attempted to sell a rifle in violation of certain provisions of 26 U.S.C. § 5861. A presentence report was prepared which included, among other things, (1) mention of a prior charge of possession of LSD that resulted in an acquittal, (2) reference to statements made by Morgan during two separate arrests for being drunk in public, as to which charges were later dismissed, (3) reference to threatening statements allegedly made by Morgan during an arrest for drunk driving, and (4) reference to the fact that Morgan was a potential witness in a shooting incident.

Morgan objected to consideration of this information by Judge Thompson, the sentencing judge. When the information was not purged from the report, he moved for the appointment of a new probation officer, a new sentencing judge, and for a new presentence report. He also moved for an evidentiary hearing so that the government could be compelled to bolster proof of reliability of the information in the report to which Morgan objected. His motions were denied, but sentencing was continued one week so that Judge Thompson could consider certain other information about Morgan. Judge Thompson also agreed to consider any evidence Morgan might wish to present prior to sentencing.

The next week, Morgan declined to offer any evidence to influence the sentencing procedure. He was sentenced to a study pursuant to 18 U.S.C. § 4205(d). When the study was completed, Judge Thompson followed the recommendation of the Bureau of Prisons in that study and sentenced him to two years in the custody of the Attorney General. Morgan appeals here, seeking an order to the sentencing judge to reduce his sentence because the information summarized above was unreliable and was improperly considered. We affirm the lower court's decision.

## I. ISSUES RAISED

A. Was it reversible error for the sentencing judge to consider any of the information in the presentence report to which Morgan objects?

B. Was it reversible error for the sentencing judge to decline to hold an evidentiary hearing on some of the allegations in the presentence report?

## II. DISCUSSION

A. *Information in the Presentence Report*

1. *Prior Acquittal*

■ Morgan first objects to the sentencing judge's consideration of the fact that he was acquitted of a 1971 Oklahoma charge of possessing LSD. This, he suggests, amounts to being placed twice in jeopardy, being denied his right to a jury trial on the prior charge, and being denied due process, under the provisions of the Fifth, Sixth and Fourteenth Amendments to the United States Constitution. He cites no authority for the proposition that consideration by the sentencing judge of facts relating to prior acquittals violates one's constitutional rights to a jury trial and to protection against double jeopardy. These contentions have no merit. *See United States v. Bowdach*, 561 F.2d 1160 (5th Cir. 1977).

---

* Honorable William H. Orrick, District Judge, Northern District of California, sitting by designation.

■ The due process claim has more substance, but also must fail. The general rule states that due process does not require that information considered by a judge prior to imposing sentence conform to the same high procedural standards as evidence introduced at the trial. Rather, judges have discretion to consider a wide variety of information from a variety of sources in order to tailor the punishment to the criminal rather than to the crime. *Williams v. New York*, 337 U.S. 241, 69 S.Ct. 1079, 93 L.Ed. 1337 (1949). *Accord, United States v. Grayson*, 438 U.S. 41, 98 S.Ct. 2610, 57 L.Ed.2d 582 (1978).

Certain exceptions to this broad rule have been fashioned. In *United States v. Tucker*, 404 U.S. 443, 92 S.Ct. 589, 30 L.Ed.2d 592 (1972), the Supreme Court affirmed a decision of this court, holding that a sentence may not be based upon prior convictions obtained in violation of the principles found in *Gideon v. Wainwright*, 372 U.S. 335, 83 S.Ct. 792, 9 L.Ed.2d 799 (1963). To allow a sentencing judge to consider such unconstitutional convictions would seriously erode the principles underlying *Gideon*, and for that reason, *Tucker* prohibits such consideration where the priors are used to "enhance" the sentence. It is upon *Tucker* that Morgan leans most heavily in arguing that the prior LSD acquittal was improperly considered.

A second exception to the broad rule is found in *Townsend v. Burke*, 334 U.S. 736, 68 S.Ct. 1252, 92 L.Ed. 1690 (1948), which prohibits consideration of false information in the sentencing process.

A third exception which Morgan claims has application here is found in *United States v. Weston*, 448 F.2d 626 (9th Cir. 1971), *cert. denied*, 404 U.S. 1061, 92 S.Ct. 748, 30 L.Ed.2d 749 (1972). This court held there that a sentencing judge "may not rely upon the information contained in the presentence report unless it is amplified by

information such as to be persuasive of the validity of the charge there made." 448 F.2d at 634. This rule was distinguished recently in *United States v. Miller*, 588 F.2d 1256 (9th Cir. 1978), which held that where the power to refute allegations in a presentence report lies with the defendant and he chooses not to refute them, a sentence based on such information will not be overturned.

Morgan would have us hold here that information regarding prior acquittals cannot properly be considered by a sentencing judge—a situation not precisely addressed in any of the cited authorities. We decline to do so for several reasons.

First, in contrast to *Tucker, supra*, there are no unconstitutionally obtained prior convictions that might trigger remand for resentencing. It could be argued, as Morgan does, that if an unconstitutional prior conviction may not be considered in imposing sentence, then it would be inconsistent to allow consideration of a prior acquittal, as to which the evidence of culpability is arguably much less than where conviction is obtained, albeit in an unconstitutional manner. We do not find this argument compelling. While it may be true that *Tucker* remedies have been made available to appellants seeking relief from the consequences of invalid convictions obtained under circumstances different from *Gideon, supra*,[1] it does not appear from any of the *Tucker* progeny that the remedy has been or should be extended beyond its conceptual scope; namely, protection against sentence "enhancement" based on unconstitutionally obtained prior convictions. *See Farrow v. United States*, 580 F.2d 1339 (9th Cir. 1978) (en banc); *Tisnado v. United States*, 547 F.2d 452 (9th Cir. 1976). *See also United States v. Grayson, supra*.

■ Furthermore, it is clear that "evidence of other criminal conduct not result-

---

1. For example, *Jefferson v. United States*, 488 F.2d 391 (5th Cir. 1974), and *Taylor v. United States*, 472 F.2d 1178 (8th Cir. 1973) extended *Tucker* protection to defendants whose prior convictions were invalid because of violations of the Fifth Amendment privilege against self-

incrimination. The protection was also extended to convictions obtained on the basis of a constitutionally impermissible statutory assumption in *Martinez v. United States*, 464 F.2d 1289 (10th Cir. 1972).

ing in conviction may be considered when imposing sentence". *United States v. Miller*, 588 F.2d at 1266, *citing United States v. Weston*, 448 F.2d at 633. *Accord, United States v. Sweig*, 454 F.2d 181 (2d Cir. 1972). The evidence here related to just such conduct, and we see no reason it should be ignored.

■ Because there is no indication or claim that any of the information upon which Judge Thompson relied was false, there is no reason to invoke *Townsend, supra*. Judge Thompson knew that the previous charge resulted in an acquittal; a fact that contrasts sharply with the sentencing judge's approach in *Townsend*. Likewise, the fact that the prior acquittal was a matter of record gives that datum of information in the presentence report validity so as to avoid the problem this court sought to avoid in *Weston, supra*.

Finally, it is important to understand the manner in which Judge Thompson considered the prior acquittal. It appears from the Record that he did not conclude there was necessarily criminal behavior lurking behind the acquittal. Rather, he viewed the acquittal as Morgan's confrontation with the legal process which may have contributed to his having maintained a clean slate for several years. Judge Thompson specifically mentioned that he considered the acquittal in an attempt to understand what caused Morgan to be good for so long and then suddenly turn bad. Viewed in this light, it is just as reasonable to assume that his consideration of the acquittal resulted in his imposing the relatively light sentence of two years, as it is to assume, as Morgan implies was the case, that his sentence was "enhanced" because of the prior acquittal. We do not wish to discourage probation officers from obtaining as much relevant information as possible on a criminal defendant. Nor do we wish to discourage sentencing judges from considering as much information as possible in arriving at a sentence designed to fit the particular person being sentenced. We hold, therefore, that it was proper for the sentencing judge to consider facts relating to a prior

acquittal in his effort to fashion a sentence appropriate to Morgan's particular case.

### 2. *Other Facts Considered*

Morgan also objects to judicial consideration of police report summaries which referred to statements he allegedly made on three occasions when he was arrested. One arrest resulted in a conviction. As to the other two, charges were dismissed. His objections are based in part on the reasoning addressed in the previous section dealing with the prior acquittal, and in part on the contention that the prosecutor should have been required to hold an evidentiary hearing in order to bolster the reliability of those allegations. The latter argument will be dealt with briefly below.

The police report summaries show that on the occasions of the arrests, Morgan was belligerent and uncooperative. Also, on one occasion, he claimed to be a demolitions expert, and in response to a statement by one of the arresting officers that he would be working on the 4th of July, Morgan is reported to have said, "that's a good day to get blown up."

■ It is clear beyond question that such information about Morgan is relevant to "his characteristics . . . and the circumstances affecting his behavior", and, according to Rule 32(c)(2) of the Federal Rules of Criminal Procedure, may appropriately find its way into a presentence report to be considered by the sentencing judge. The scope of *Williams v. New York, supra*, is likewise broad enough to accommodate such information. There are no *Tucker* problems because, as discussed earlier, these allegations are in no way related to unconstitutionally obtained prior convictions. *Weston* is satisfied because the allegations are based on police reports of statements made by Morgan himself. They are not, therefore, the same type of unsubstantiated allegations that required reversal in *Weston*. Finally, there is no evidence that any of the allegations are false, in contravention to *Townsend, supra*. We hold the information regarding statements allegedly made by Morgan at the time of these arrests was

properly considered by Judge Thompson as "evidence of other criminal conduct not resulting in conviction". *Miller, supra* at 1266; *Weston, supra* at 633.

 Morgan's complaint against consideration of the fact that he was a possible witness in a trial involving the shooting of his girl friend is likewise without merit. He argues that this information was prejudicial, but it is clear from the Record and the Transcript of the sentencing procedure that Judge Thompson understood Morgan himself was not a suspect in the shooting. Morgan cites no authority whatsoever that would even arguably allow remand on this point, and we see no reason to do so.[2]

### B. *An Evidentiary Hearing*

Morgan's final argument can be reduced to the contention that because he may have denied making the statements mentioned in the police report summaries, the burden of proving them reliable should shift to the prosecutor, and a sentencing judge should not be allowed to consider such allegations unless that burden is met in an evidentiary hearing. But there is a host of cases, beginning at least with *Williams v. New York, supra,* and running through *United States v. Grayson, supra,* and *United States v. Miller, supra,* which allows consideration of all kinds of information not limited to that which meets the standards of the Rules of Evidence. Implicit in all of those cases is the assumption that the sentencing judge has broad discretion to decide for himself not only the relevance but also the reliability of the sentencing information. Otherwise, a defendant's denial of the correctness of information would always lead to an evidentiary hearing prior to sentencing and a delay in the administration of the criminal justice system, a result which the Supreme Court in *Williams v. New York, supra,* sought to guard against. 337 U.S. at 250, 69 S.Ct. at 1084.

As noted earlier, we wish to encourage probation officers to secure as much information as possible in order to assist the courts in formulating proper sentences. For these reasons, we hold that unless there exists problems of the type criticized in *Townsend, Tucker* and *Weston, supra,* the defendant should bear the burden of presenting evidence concerning a questioned item in the presentence report. Judge Thompson offered Morgan an opportunity to do so, but he declined to take advantage of it.

### III. CONCLUSION

The decision of the trial judge regarding Morgan's sentence is AFFIRMED.

---

**2.** There is little reason to believe that remand for resentencing would accomplish anything even if it were called for. Judge Thompson based his final sentence on the study report, only a minor portion of which dealt with the information to which Morgan objects. In all likelihood, he would impose the same sentence, a result that is entirely proper under *Farrow, supra,* and *Wilson v. United States,* 534 F.2d 130 (9th Cir. 1976). *See United States v. Fernandez,* 589 F.2d 977 (9th Cir., 1978); *Gelfuso v. Bell,* 590 F.2d 754 (9th Cir. 1978).