**Michael Hardy BROTHERS, Petitioner-Appellant,**

v.

**Earl B. DOWDLE, Warden, and Robert K. Corbin, Arizona Attorney General, Respondents-Appellees.**

No. 86–1638.

United States Court of Appeals, Ninth Circuit.

Submitted March 9, 1987.*

Decided May 21, 1987.

Michael Hardy Brothers, pro se.

Bruce M. Ferg, Tucson, Ariz., for respondents-appellees.

Before CANBY, NORRIS and KOZINSKI, Circuit Judges.

---

* The panel finds this case appropriate for submission without oral argument pursuant to Ninth Circuit Rule 3(f) and Fed.R.App.P. 34(a).

KOZINSKI, Circuit Judge:

Brothers was convicted by a jury in Arizona Superior Court of two counts of armed robbery and one count of first degree burglary. After unsuccessfully appealing his conviction, Brothers petitioned for a writ of habeas corpus, alleging: (1) the court improperly admitted evidence derived from an unreliable identification; (2) he received ineffective assistance of counsel; and, (3) the court violated his right to due process by considering his previous "contacts" with the law as aggravating circumstances during sentencing. The district court denied the petition; Brothers appeals.

## Facts

On November 1, 1981, a masked gunman robbed a Tucson restaurant and fled in a waiting truck. After hearing a police broadcast describing the truck, Officer Timothy Berry spotted it and chased it to a parking lot. There he saw a passenger pull himself out of the truck's window and run away. Berry called in a general description of the passenger and then stopped the truck, arrested the driver and searched the vehicle. After the arrest, Berry learned that Brothers was a possible accomplice to the robbery. Berry obtained Brothers' mug number, pulled his photograph from police files and positively identified him as the passenger he saw escape. Berry's identification testimony figured prominently in the trial in which Brothers was convicted of armed robbery and first degree burglary. At the sentencing hearing, the court apparently considered evidence that Brothers had previous "contacts" with law enforcement as an aggravating factor that offset certain mitigating factors, and imposed the presumptive sentences of ten and a half years for each robbery count, and seven and a half years for the burglary count, all to be served concurrently.

## Discussion

### Photo Identification

■ Brothers claims Berry's pre-trial identification was so suggestive as to violate due process. Assuming, as the trial court did, that the identification procedure used here was suggestive, we must review the state court's ruling that the identification was nonetheless reliable. In so doing, we accord the state court's factual findings a "presumption of correctness." *Sumner v. Mata,* 455 U.S. 591, 592, 102 S.Ct. 1303, 1304, 71 L.Ed.2d 480 (1982); *see* 28 U.S.C. § 2254(d). The state court weighed the factors enumerated in *Neil v. Biggers,* 409 U.S. 188, 199–200, 93 S.Ct. 375, 382, 34 L.Ed.2d 401 (1972), and, while we might have weighed the evidence somewhat differently, we conclude that the findings were "fairly supported by the record." *Sumner,* 455 U.S. at 597, 102 S.Ct. at 1307. Weighing these findings against the suggestiveness of the showup, we conclude there was no substantial likelihood of misidentification. *Ponce v. Cupp,* 735 F.2d 333, 337 (9th Cir.1984).

### Ineffective Assistance of Counsel

■ Brothers originally made six claims of ineffective assistance of counsel. When the government moved to dismiss the entire petition on the ground they had not all been exhausted in state court, Brothers dropped the unexhausted claims. The exhausted claims were fully litigated in the district court, and the district court found them meritless. Petitioner now wants to withdraw all his ineffective assistance claims, contending that the state courts "never allowed a hearing so that [he] could prove [the] allegations ... against counsel." Appellant's Brief at 14. It is too late now to withdraw the litigated claims. We affirm the district court's holding that they are meritless.

### Sentencing

In sentencing Brothers, the state trial court identified certain mitigating factors, but found they were offset by aggravating factors and imposed the presumptive terms[1] for each offense. Brothers claims that the state court committed constitution-

---

1. The presumptive term is the one generally imposed for a particular offense. It is subject to increase or decrease depending on whether aggravating or mitigating circumstances exist. *See* Ariz.Rev.Stat.Ann. §§ 13–701–703 (1978).

al error by considering his numerous "contacts" with the law—all falling short of convictions—as aggravating circumstances. Unfortunately, our record of the state court sentencing proceedings is incomplete and does not disclose exactly what treatment the sentencing court gave to these entanglements with the police. What we do have before us indicates that the state trial judge may in fact have relied on these incidents, as Brothers suggests.[2]

While the Supreme Court has recognized that sentencing courts must have wide latitude so they can make enlightened decisions as to punishment, *Williams v. New York,* 337 U.S. 241, 248, 69 S.Ct. 1079, 1083, 93 L.Ed. 1337 (1949), their discretion remains subject to the constraints of the due process clause. *Gardner v. Florida,* 430 U.S. 349, 358, 97 S.Ct. 1197, 1204, 51 L.Ed.2d 393 (1977) (opinion of Stevens, J.). Thus, a sentencing court may not consider information that is "materially untrue," *Townsend v. Burke,* 334 U.S. 736, 741, 68 S.Ct. 1252, 1255, 92 L.Ed. 1690 (1948); *see United States v. Gonzales,* 765 F.2d 1393, 1396 (9th Cir.1985) (citing *United States v. Tucker,* 404 U.S. 443, 447–49, 92 S.Ct. 589, 591–93, 30 L.Ed.2d 592 (1972)), *cert. denied,* —— U.S. ——, 106 S.Ct. 826, 88 L.Ed.2d 798 (1986); nor background information unsupported by "some minimum factual basis," *United States v. Petitto,* 767 F.2d 607, 611 (9th Cir.1985).

 It is true that a sentencing court may consider information that does not "conform to the same high procedural standards as evidence introduced at trial." *United States v. Morgan,* 595 F.2d 1134, 1136 (9th Cir.1979). Specifically, a court may properly take criminal acts into account even if they did not result in conviction. *Morgan,* 595 F.2d at 1136–37; *United*

*States v. Miller,* 588 F.2d 1256, 1266 (9th Cir.1978). However, the court must satisfy itself that the defendant in fact committed the acts in question. The fact of arrest or detention by the police does not establish that the suspect has committed a crime. *See Morgan,* 595 F.2d at 1137–38. The court may not impose a more severe punishment simply because the defendant was in some way entangled with the police. Of course, an arrest or detention that does not result in a conviction may nevertheless reflect wrongful conduct that the sentencing court may consider. *Id.* What the court may not do, however, is to infer wrongful conduct from the arrest or detention alone; it must look at the underlying facts. *See United States v. Weston,* 448 F.2d 626, 633–34 (9th Cir.1971), *cert. denied,* 404 U.S. 1061, 92 S.Ct. 748, 30 L.Ed.2d 749 (1972).[3]

In this case, the record contains nothing to suggest that the sentencing court had any factual basis for considering Brothers' "contacts" with the law as an aggravating factor. Indeed, it is unclear whether the sentencing court considered these matters at all and, if so, to what extent. *See* page 1389 *supra.* We therefore remand the case to the district court for an examination of the entire record to determine whether the sentencing court improperly considered defendant's contacts with the law.

### Conclusion

We affirm the district court on all matters except the sentencing issue and remand for proceedings consistent with this opinion.

---

2. The government argues that the court's imposition of the presumptive sentence demonstrates that the sentencing judge did not give any weight to Brothers' brushes with the law. However, the record also disclosed mitigating factors that might have led the sentencing judge to impose a lesser sentence. Brothers argues that he was prejudiced by having his mitigating factors offset against adverse factors that the sentencing court should not have considered.

3. The district court relied on *Gonzales* for the proposition that a "sentence well within the statutory limits ... may only be vacated if it is based on materially erroneous information." *Brothers v. Dowdle,* No. CIV 85–782 TUC ACM, Order at 7 (D.Ariz. Dec. 23, 1985), However, *Gonzales* did not address the situation presented here because the district court there "expressly stated that the prior offenses which had not resulted in convictions would not be taken into account in sentencing." 765 F.2d at 1395.