Emory **SEARCEY**, et al., Plaintiffs,

v.

Alonzo **CRIM**, et al., Defendants.

Civ. A. No. 1:84–CV–751–MHS.

United States District Court,
N.D. Georgia,
Atlanta Division.

Aug. 12, 1988.

**1364**

Ralph Goldberg, Atlanta, Ga., for plaintiffs.

Bruce Beerman, Atlanta, Ga., for defendants.

## ORDER

SHOOB, District Judge.

Plaintiffs in this action under 42 U.S.C. § 1983 now move for an award of attorney fees pursuant to 42 U.S.C. § 1988.[1] Plaintiffs have filed an itemized request for fees with supporting documents and affidavits. For the reasons stated below, plaintiffs' motion will be granted. Plaintiffs will be awarded $99,581.90 in attorney fees and expenses.

In response to plaintiffs' motion, defendants make several concessions that narrow the issues to be decided by the Court. Defendants acknowledge that plaintiffs are the prevailing parties in this action[2] and agree that the total number of hours expended by counsel for plaintiffs is reasonable and does not reflect any substantial duplication of effort. Defendants challenge, however, the hourly rate sought by plaintiffs' counsel and oppose any enhancement of the hourly rate based on the delay in payment or the contingent nature of the case.

The first step in determining the amount of an award of attorney fees under Section 1988 is to multiply the number of hours reasonably expended in the litigation by a reasonable hourly rate. *Hensley v. Eckerhart*, 461 U.S. 424, 103 S.Ct. 1933, 76 L.Ed. 2d 40 (1983); *Norman v. Housing Authority of City of Montgomery*, 836 F.2d 1292 (11th Cir.1988). This calculation yields the base award or "lodestar" figure. After determining the lodestar, the Court must decide whether an enhancement or reduction of that figure is appropriate. *Norman*, 836 F.2d at 1302.

As a general rule, evidentiary hearings are not necessary in fee award motions. *Id.* at 1303; *see also King v. McCord*, 621 F.2d 205 (5th Cir.1980). The present motion presents no disputes of material historical fact that would require a hearing; and neither party has requested one. Plaintiff has requested the Court to take judicial notice of affidavits relating to fees that have been filed in other actions in this district. Defendants have not opposed plaintiffs' request. The Court will therefore take judicial notice of such affidavits as requested by plaintiffs pursuant to Rule 201(b), Fed.R.Evid.

A reasonable hourly rate is the "prevailing market rate in the relevant legal community for similar services by lawyers of reasonably comparable skills, experience, and reputation." *Id.* at 1299. Determination of the prevailing market rate must be based on "satisfactory evidence," such as documentation of rates actually billed in similar lawsuits or by lawyers of comparable skills under analogous circumstances. *Id.*

In this action plaintiffs' two attorneys, Ralph Goldberg and James Feldman, both seek to be compensated at an hourly rate of $150 per hour. They have filed numerous supporting affidavits. Based on these affidavits and the Court's own observation of counsels' performance during the course of the litigation, the Court makes the following factual findings:

---

1. Plaintiffs' present motion is addressed to the original defendants in the action. The motion does not seek an award of attorney fees from the United States of America, the intervenor-defendant.

2. Relevant background information is provided in the Court's previous orders. *See Searcey v. Crim*, 642 F.Supp. 313 (N.D.Ga.1986), *aff'd in part and vacated in part*, 817 F.2d 1389 (11th Cir.1987), *and on remand* 681 F.Supp. 821 (N.D. Ga.1988).

1) Ralph Goldberg has been a member of the State Bar of Georgia since 1975 when he graduated from Emory University School of Law. During his 13 years of practice in Atlanta he has specialized in civil rights work. He has successfully litigated numerous cases in the Federal District Court. He is an able and competent attorney who enjoys an excellent reputation in the legal community for his civil rights work. He currently charges clients between $750 and $5,000 as a retainer and works at an hourly rate of $150 per hour.[3] In 1986, he received fee awards ranging from $100 to $145 per hour for work in the Federal District Court.

2) James Feldman has been practicing law in Ohio and Pennsylvania since 1976. Since 1982 he has been employed as the staff attorney for the Committee for Conscientious Objectors. He has a national reputation as an expert in the field of military and draft law. In the Philadelphia area, where Mr. Feldman usually practices, attorneys with ten years or more of experience and good reputations in civil rights work frequently charge $150 per hour.

Defendants contend that the rate sought by plaintiffs' counsel is equivalent to the market rate charged by large firms with significantly higher overhead than those of plaintiffs' counsel. Defendants assert that the prevailing market rate for attorneys with practice profiles and offices similar to plaintiffs' counsel is $115 to $125 per hour. Defendants have filed only the affidavit of Bruce Beerman, counsel for defendants, to support this assertion.

■ Defendants present a persuasive argument that plaintiffs' attorneys are not entitled to base their fee calculations on the rates charged by large firms with high operating expenses. The argument is not determinative here, however, because plaintiffs' counsel have not relied on those rates to establish the value of their services.

Instead, they have based their rates on their own billed rates and on the rates of other practitioners who work in small or solo practice and handle Section 1983 or Title VII cases.[4] In the Court's view, plaintiffs' evidence regarding the prevailing market rate for their attorneys' services is substantial and persuasive. Therefore, the Court concludes that $150 per hour is a reasonable hourly fee for both Mr. Goldberg and Mr. Feldman.

Multiplying the $150 per hour amount by the 515.4 hours reasonably expended in litigating this action[5] yields a lodestar figure of $77,310.

The Court must now decide whether any adjustments to the lodestar are appropriate. Plaintiffs seek a 10% upward adjustment based on the delay involved in being paid in this case and a 40% upward adjustment based on the contingent nature of recovery in this action. Defendants assert that no adjustment is necessary or appropriate.

Whether attorney fee awards should be enhanced based on the contingency of recovery is a thorny issue that was recently addressed by the Supreme Court in *Pennsylvania v. Delaware Valley Citizens' Council for Clean Air*, — U.S. —, 107 S.Ct. 3078, 97 L.Ed.2d 585 (1987). In that case five justices indicated that in a "rare case" enhancement may be appropriate to compensate for the risk of non-recovery of a fee in the case. *Id.* at 3089 (O'Connor, J., concurring); *id.* 107 S.Ct. at 3091 (Blackmun, J., dissenting with Brennan, Marshall and Stevens, JJ.). Justice White, who delivered the opinion of the Court, made it clear that an upward adjustment for contingent recovery could not be awarded if the lawyer preserved any right of recourse against his client for fees. *Id.* at 3082 (White, J., with Rehnquist, C.J., Powell,

---

**3.** In 1984 he charged $110 per hour for federal litigation; in 1985 he charged $135 per hour; in 1986 he charged $145 per hour.

**4.** Plaintiffs have documented that attorneys with strong reputations and experience who work for large firms bill their time in Atlanta and Philadelphia at $120 to $275 per hour.

Thus, in most instances the rates charged by large firms are substantially higher than the $150 amount sought by plaintiffs' counsel.

**5.** As noted above, defendants do not contest the number of hours claimed by plaintiffs' counsel.

and Scalia, JJ.).[6]

> Whatever the risk of winning or losing in a specific case might be, a fee award should be informed by the statutory purpose of making it possible for poor clients to secure competent help. Before adjusting for risk assumption, there should be evidence in the record, and the trial court should so find that, without risk enhancement plaintiff would have faced substantial difficulties in finding counsel in the local or other relevant market.

*Id.* at 3089. Echoing the same concern, Justice O'Connor wrote that enhancement will be awarded where it is shown to be necessary to assure the availability of counsel. *Id.* at 3091 (O'Connor, J., concurring).

■ After reviewing the affidavits filed in this action and other similar actions in this district, the Court makes the following findings of fact and conclusions of law relating to the enhancement issue:

Both attorneys accepted this case on a strictly contingent fee basis. Neither had any guarantee of eventual payment because plaintiffs had no ability to pay them an hourly rate. They accepted the case, however, because they believed that the case involved substantial First Amendment issues that would affect the rights of many people in addition to the immediate litigants. From the outset, their only hope of eventual payment for their services was as prevailing parties under Section 1988.

Plaintiffs' counsel could not have been assured at the beginning of this litigation that plaintiffs would ultimately prevail. First Amendment issues can rarely be decided on the basis of extant "black letter" law. Success in this case depended on counsels' ability to ferret out specific, relevant facts and to present them in a cogent and persuasive manner. It must have been clear to the attorneys from the very beginning of the suit that this case would demand long hours of work with no guarantee of compensation.[7] At least one Atlanta attorney specializing in civil rights law refused to work on the case specifically because she believed that its chance of success was too slim.

Litigating this action over the course of four years without any interim compensation worked a special hardship on Mr. Goldberg, who is in solo private practice. Because he had accepted this and several other Section 1983 cases on a contingent basis, and because fee recovery under Section 1988 was long delayed, he was forced to borrow money from friends and to rely on lines of credit to pay his office and personal expenses. Because of his experience in this and several other similar civil rights actions, Mr. Goldberg no longer accepts any civil rights cases on a complete contingency.

Although there are a great many lawyers in the Atlanta area, the Court is aware that it is difficult to find any attorney who has the time, experience and financial cushion necessary to accept Section 1983 cases on a contingency basis. The Court has recently handled several motions to appoint counsel to represent plaintiffs in civil rights actions. Before deciding such motions the Court has required those plaintiffs to detail their efforts to find an attorney willing to handle the case on a contingency basis. After reviewing lengthy lists of attorneys who declined to accept the case, the Court had no other alternative than to appoint an attorney from the *pro bono* panel of the Court. *See, e.g., Carithers v. Department of Offender Rehabilitation* 1:85–CV–3203–MHS, (N.D.Ga. August 10, 1987) (unreported). Although it is certainly commendable that some members of the bar are willing to volunteer their services at the request of the Court, the acknowledged purpose of Section 1988 is to make it possible for poor clients with good

---

**6.** White went on to write that even in the "exceptional case" in which enhancement for assuming the risk of non-payment is justified, the upward adjustment should not exceed ⅓ of the lodestar. *Id.* at 3089.

**7.** On the other hand, at the time that Mr. Goldberg and Mr. Feldman accepted this case, the law in this circuit affirmed the practice of enhancing fees under Section 1988 based on risk assumption. *See Jones v. Central Soya Co.,* 748 F.2d 586 (11th Cir.1984).

claims to secure competent council without relying on attorney volunteerism.

Plaintiffs in this action espoused an unpopular viewpoint and had little or no money to pay an attorney an hourly rate. Their case, while meritorious, was not an obvious winner. In light of all the facts, the Court concludes that plaintiffs would have had substantial difficulty in securing competent counsel in the absence of counsels' hope of eventual recovery of enhanced fees under Section 1988. Court finds that this is an example of the "rare case" in which fee enhancement on the basis of risk assumption is appropriate. The Court will therefore enhance the award of attorney fees by 25%.

Plaintiffs next seek a 10% enhancement based on delay of payment. Defendants assert that no enhancement for delay is appropriate where plaintiffs are compensated at current rates. The Court agrees. In *Norman*, the Court of Appeals stated:

> In this circuit, where there is delay the court should take into account the time value of money and the effects of inflation and generally award compensation at current rates rather than historic rates.

*Norman*, 836 F.2d at 1302 (citations omitted). Mr. Goldberg acknowledges that in 1984 the prevailing market rate for his services was $110 per hour; in 1985 it was $135 per hour; and in 1986 it was $145 per hour. In the Court's view, compensation for all the hours expended in previous years at the current rate of $150 per hour adequately accounts for the effects of inflation and value of money. Therefore, the Court will not award any enhancement on the basis of delay.

The amount of expenses claimed by plaintiffs is not disputed by defendants. Therefore, the Court makes the following calculations of fees and expenses due:

Hours Reasonably Expended:

|  |  |  |
|---|---|---|
| Feldman | | 358 |
| Goldberg | + | 157.4 |

| | |
|---|---|
| TOTAL HOURS | 515.4 |
| Reasonable Hourly Rate | ×$ 150.00 |

| | |
|---|---|
| LODESTAR | $77,310.00 |
| Enhancement Percentage | × .25 |

| | |
|---|---|
| Enhancement Amount | $19,327.50 |
| Lodestar | + $77,310.00 |

| | |
|---|---|
| TOTAL FEES | $96,637.50 |
| Expenses | +$ 2,944.40 |

| | |
|---|---|
| TOTAL AWARD | $99,581.90 |

In sum, plaintiffs' motion for attorney fees is GRANTED. For the reasons stated above, plaintiffs are entitled to recover $99,581.90 for fees and expenses. The Clerk is DIRECTED to enter judgment accordingly.