918 F.2d 181
 Unpublished Disposition
 NOTICE: Ninth Circuit Rule 36-3 provides that dispositions other than opinions or orders designated for publication are not precedential and should not be cited except when relevant under the doctrines of law of the case, res judicata, or collateral estoppel.
 
 UNITED STATES of America, Plaintiff-Appellee,
v.
Douglas Keith LILLY, Defendant-Appellant.
 No. 90-50077.
 United States Court of Appeals, Ninth Circuit.
 Submitted Nov. 7, 1990.*
Decided Nov. 14, 1990.
 Before WILLIAM A. NORRIS, CYNTHIA HOLCOMB HALL and RYMER, Circuit Judges.
 
 
 1
 MEMORANDUM**
 
 
 2
 Defendant Lilly appeals his sentence for two convictions of bank robbery. His presentence report (PSR) established his base offense level and then increased it under Sec. 2B3.1(b)(1) of the Sentencing Guidelines, which provided that the loss to a bank is presumed to be at least $5000. See United States Sentencing Commission, Guidelines Manual, Secs. 2B3.1(a), 2B3.1(b)(1), at app. C.55 (Nov.1989) [hereinafter U.S.S.G.].[1] The PSR recommended a sentence at the top of the applicable range because Lilly had admitted to committing twenty other bank robberies, though those other robberies were not charged and the parties agreed they were not readily provable. The judge followed the recommendations of the PSR and sentenced Lilly to 41 months in prison.
 
 
 3
 Lilly challenges his sentence on two grounds. First, he argues that U.S.S.G. Sec. 2B3.1(b)(1) violates due process by creating an irrebuttable presumption of loss of $5000. In this case, the actual loss was only $2014. Second, he argues that the district court abused its discretion when it relied on his admission to other bank robberies because the admission was unreliable and the other robberies were not provable.
 
 
 4
 We affirm.
 
 I.
 
 5
 We recently rejected the argument that U.S.S.G. Sec. 2B3.1(b)(1) is unconstitutional because it creates an irrebuttable presumption of loss. United States v. Smith, 905 F.2d 1296 (9th Cir.1990). The court disagreed with the premise that the provision set up a presumption. "It is the nature of the institution and not the amount stolen that is legally operative in the Guideline provision." Id. at 1301. As the commentary to the Guidelines states: "Banks and Post Offices carry a minimum 1 level enhancement for property loss because such institutions generally have more cash readily available, and whether the defendant obtains more or less than $2,500 is largely fortuitous." U.S.S.G. Sec. 2B3.1, comment (backg'd), app. C.56. Accordingly, Lilly's due process challenge to U.S.S.G. Sec. 2B3.1(b)(1) is rejected.
 
 II.
 
 6
 Lilly's argument that his sentence should be vacated because the judge considered and based his sentence on other bank robberies that were not provable is also without merit. Lilly contends that the district court should not have considered the other robberies, even though he admitted to them during an investigation, because both parties agreed that they were not readily provable and because his admission was given after he had not taken psychotropic medication for a few days and while he was under the influence of methamphetamine.
 
 
 7
 "A district court's consideration of information outside the record of conviction for sentencing purposes is reviewed for an abuse of discretion. We will find an abuse of discretion if the defendant shows that the district court relied on materially false or unreliable information." Federal Trade Comm'n v. American Nat'l Cellular, 868 F.2d 315, 322 (9th Cir.1989). "[W]hen a trial judge relies on materially false or unreliable information in sentencing, the defendant's due process rights are violated." United States v. Messer, 785 F.2d 832 (9th Cir.1986). Lilly has failed to show that the district court relied on information that was materially false or unreliable.
 
 
 8
 First, the fact that the prosecutor agreed that the other bank robberies were not readily provable does not establish that Lilly's admission was materially unreliable. The judge need not substitute the prosecutor's judgment for his own in determining the reliability of evidence, so the prosecutor's opinion did not bind the judge. In addition, the prosecutor's opinion does not necessarily indicate that the admission was not true or was unreliable. It may simply mean that he did not think the evidence would have been sufficient for conviction. However, evidence need not be strong enough for conviction to be considered in sentencing. See United States v. Weston, 448 F.2d 626, 633 (9th Cir.1971), cert. denied, 404 U.S. 1061 (1972) ("other criminal conduct may properly be considered, even though the defendant was never charged with it or convicted of it"). A sentencing court may, for example, rely on facts relating to an acquittal. Walker v. Endell, 850 F.2d 470 (9th Cir.1987), cert. denied, 488 U.S. 926, 981 (1988) (contemporaneous acquittal); United States v. Morgan, 595 F.2d 1134, 1135-37 (9th Cir.1979) (prior acquittal).
 
 
 9
 Second, the facts that Lilly had not taken his psychotropic medication and was under the influence of methamphetamine do not necessarily indicate that the admission was materially false or unreliable. A trial judge may not rely on materially untrue assumptions about a criminal record. Townsend v. Burke, 334 U.S. 736, 741 (1947) (sentencing judge based sentence on facts that were patently untrue). But Lilly has never contended that the admission about the other bank robberies was untrue.
 
 
 10
 Lilly has also failed to show that the admission was materially unreliable. Lilly relies on United States v. Weston, 448 F.2d 626 (9th Cir.1971), cert. denied, 404 U.S. 1061 (1972), for his assertion that the district court should not have relied on his admission because it was unreliable. In that case, the court found error when "the other criminal conduct charged was very serious, and the factual basis for believing the charge was almost nil. It rested upon only two things: the opinion of unidentified personnel in the Bureau of Narcotics and Dangerous Drugs, and the unsworn statement of one agent that an informer had given him some information lending partial support to the charge." Id. at 633.
 
 
 11
 The critical difference between Weston and this case is that in this case the information came not from the prosecution, but from the defendant himself. It included acknowledgment of photographs of Lilly in the process of robbing a number of banks, and details about the location and modus operandi of several of the robberies. The admission is less reliable than if Lilly had taken his medication and had not taken the methamphetamine, but it was still not unreasonable to rely on it since individuals do not ordinarily incriminate themselves falsely. The admission is therefore not materially unreliable. It is up to the defendant challenging information used in sentencing to show that the information is unreliable, and Lilly has failed to make such a showing.
 
 
 12
 The district court's sentence under the Guidelines would still violate Lilly's due process rights if the facts underlying it were not proved by a preponderance of the evidence. United States v. Wilson, 900 F.2d 1350, 1354 (9th Cir.1990). Findings of fact underlying a sentence are reviewed for clear error. United States v. Wills, 881 F.2d 823 (9th Cir.1989).
 
 
 13
 Lilly admitted the robberies, and while his mental state may have cast some doubt on his credibility, it was not unreasonable to conclude that the facts Lilly admitted were more likely than not true. They were uncontroverted by any other evidence, and his mental state was not enough to make them wholly unreliable. The district court's finding that Lilly was responsible for the other bank robberies was therefore not clear error. Thus, the district court's sentence did not violate due process either in its reliance on Lilly's admission or in its factual finding that Lilly committed the other bank robberies.
 
 
 14
 AFFIRMED.
 
 
 
 *
 The panel unanimously finds this case suitable for decision without oral argument. Fed.R.App.P. 34(a); 9th Cir.R. 34-4
 
 
 **
 This disposition is not appropriate for publication and may not be cited to or by the courts of this circuit except as provided by 9th Cir.R. 36-3
 
 
 [1]
 Since the time Lilly was sentenced, the Guideline has been amended to provide simply: "If the offense involved robbery or attempted robbery of the property of a financial institution or post office, increase by 2 levels." U.S.S.G. Sec. 2B3.1(b)(1)