45 F.3d 437
NOTICE: Ninth Circuit Rule 36-3 provides that dispositions other than opinions or orders designated for publication are not precedential and should not be cited except when relevant under the doctrines of law of the case, res judicata, or collateral estoppel.
 UNITED STATES of America, Plaintiff-Appellee,
v.
Dana Francis HILL, Defendant-Appellant.
 No. 94-50287.
 United States Court of Appeals, Ninth Circuit.
 Submitted Dec. 19, 1994.*
Decided Dec. 27, 1994.
 
 Before: SNEED, D.W. NELSON and TROTT, Circuit Judges.
 
 
 1
 MEMORANDUM**
 
 
 2
 Dana Hill appeals his sentence imposed following revocation of his supervised release. Hill contends that the district court violated his due process rights by sentencing him based upon unreliable information. We have jurisdiction pursuant to 28 U.S.C. Sec. 1291 and review de novo the legality of a sentence. United States v. Davila-Escovedo, 36 F.3d 840, 842 (9th Cir.1994). We affirm.
 
 BACKGROUND
 
 3
 Hill was convicted of possession of a firearm by a felon in violation of 18 U.S.C. Sec. 922(g)(1) and was sentenced to ten months imprisonment and two years of supervised release. The government alleged that while on supervised release, Hill committed five violations of his supervised release terms and conditions. Hill admitted that on two occasions he traveled out of jurisdiction without his probation officer's permission, was arrested there, and failed to report the arrests. However, Hill denied the allegations underlying the arrests that he possessed a controlled substance and a firearm. Those allegations were dismissed subsequently upon government's motion. Prosecution based on these two incidents of arrests was not pursued, either.
 
 
 4
 The district court sentenced Hill to eleven months imprisonment within the sentencing range suggested by U.S.S.G. Sec. 7B1.4, p.s.
 
 ANALYSIS
 
 5
 A sentencing court may consider "a wide, largely unlimited variety of information" at sentencing. United States v. Borrero-Isaza, 887 F.2d 1349, 1352 (9th Cir.1989) (per curiam); see also 18 U.S.C. Sec. 3553(a) (district court may impose imprisonment upon revocation of supervised release after considering the offense's nature and circumstances and defendant's history and characteristics). However, a defendant's due process rights are violated if the sentencing court relied on materially false or unreliable information or made groundless inferences. Borrero-Isaza, 887 F.2d at 1352. The defendant must establish that the challenged information is "(1) [materially] false or unreliable, and (2) demonstrably made the basis for the sentence." United States v. Ibarra, 737 F.2d 825, 827 (9th Cir.1984) (quotations omitted) (sentencing court does not "demonstrably" base its sentencing on challenged information when the court discounts the information). Challenged information is unreliable if it "lacks some minimal indicium of reliability beyond mere allegation." Id. (quotations omitted); see also United States v. Burns, 894 F.2d 334, 336-37 (9th Cir.1990) (law enforcement investigative reports may furnish sufficient indicia of reliability); Walker v. Endell, 850 F.2d 470, 477 (9th Cir.1987) (sentencing court may rely upon circumstances of a crime in which defendant participated but was acquitted), cert. denied, 488 U.S. 926 (1988); Brothers v. Dowdle, 817 F.2d 1388, 1390 (9th Cir.1987) (an arrest which did not result in conviction can provide sufficiently reliable information on defendant's wrongful conduct for sentencing purpose); cf. United States v. Cota-Guerrero, 907 F.2d 87, 90 (9th Cir.1990) (police arrest records alone as evidence of defendant's prior criminal activity are not sufficiently reliable to support a departure); United States v. Safirstein, 827 F.2d 1380, 1385-87 (9th Cir.1987) (unreasonable inference of trafficking in narcotics when "there is not the barest scintilla of evidence" that defendant was connected with narcotics).
 
 
 6
 At sentencing, the district court considered Hill's two arrests, his history of "being around guns and having guns available to him" and the totality of the circumstances.[1] Hill argues that the district court made unfounded inference from the dismissed gun possession charge and considered vague police reports in imposing his sentence. However, the district court commented that no charges arising from those incidents of arrest were pending, emphasized Hill's admitted arrests, and thus did not "demonstrably" rely on the challenged information. See Ibarra, 737 F.2d at 827. The district court properly considered Hill's particular circumstances and history. See 18 U.S.C. Sec. 3553(a). Further, the police arrest reports and the dismissed gun charge, together with Hill's original conviction and current indictment[2] for gun possession provided the district court with sufficiently reliable information for sentencing purpose. See Burns, 894 F.2d at 827; Walker, 850 F.2d at 477; Brothers, 817 F.2d at 1390; cf. Cota-Guerrero, 907 F.2d at 90; Safirstein, 827 F.2d at 1385-87.
 
 
 7
 Therefore, the district court did not violate due process in imposing Hill's sentence. See Borrero-Isaza, 887 F.2d at 1352.
 
 
 8
 AFFIRMED.
 
 
 
 *
 The panel unanimously finds this case suitable for decision without oral argument. Fed.R.App.P. 34(a); 9th Cir.R. 34-4
 
 
 **
 This disposition is not appropriate for publication and may not be cited to or by the courts of this circuit except as provided by 9th Cir.R. 36-3
 
 
 [1]
 When asked about the reasons for sentencing Hill at the high end of the range under U.S.S.G. Sec. 7B1.4, p.s., the district court responded, "It is based more on the fact that he just went back to New York two times. It is probably the totality of things that occurred, not merely because he went back there twice. He was arrested two times back there, wasn't he? ... I don't think there are any pending charges now, and there may not be because of the passage of time.... But I think that from what I [see] here the defendant has a history of being around guns a lot and having guns available to him, and I guess that is another factor that the Court has considered."
 
 
 [2]
 At the sentencing hearing for violation of supervised release, the district court was informed that Hill had been indicted and arraigned that morning for possession of a firearm in relation to another incident