**NOT FOR PUBLICATION**

**FILED**

UNITED STATES COURT OF APPEALS

MAY 28 2024

FOR THE NINTH CIRCUIT

MOLLY C. DWYER, CLERK
U.S. COURT OF APPEALS

|  |  |
|---|---|
| UNITED STATES OF AMERICA, | No. 23-30031 |
| Plaintiff-Appellee, | D.C. Nos. |
| v. | 3:16-cr-00004-TMB-1<br>3:16-cr-00004-TMB |
| TERRY LEE KEEHN II, AKA Terry Keehn, | MEMORANDUM* |
| Defendant-Appellant. | |

Appeal from the United States District Court
for the District of Alaska
Timothy M. Burgess, District Judge, Presiding

Submitted May 23, 2024**
Anchorage, Alaska

Before: BYBEE, FRIEDLAND, and MILLER, Circuit Judges.

Terry Lee Keehn pleaded guilty to possession of a controlled substance with

intent to distribute, in violation of 21 U.S.C. § 841(a)(1), (b)(1)(A). He was

sentenced to 140 months of imprisonment. Keehn appeals from the district court's

denial of his motion for compassionate release under 18 U.S.C. § 3582(c). We

---

\* This disposition is not appropriate for publication and is not precedent
except as provided by Ninth Circuit Rule 36-3.

\** The panel unanimously concludes this case is suitable for decision
without oral argument. *See* Fed. R. App. P. 34(a)(2).

have jurisdiction under 28 U.S.C. § 1291, and we affirm.

"A district court's ruling on a compassionate release motion under § 3582(c)(1) is reviewed for abuse of discretion." *United States v. Wright*, 46 F.4th 938, 944 (9th Cir. 2022).

1. The district court's analysis was consistent with our decision in *United States v. Aruda*, 993 F.3d 797 (9th Cir. 2021). Interpreting the version of U.S.S.G. § 1B1.13 then in effect, we held in *Aruda* that courts may "consider *any* extraordinary and compelling reason for release that a defendant might raise." 993 F.3d at 801 (quoting *United States v. McCoy*, 981 F.3d 271, 284 (4th Cir. 2020)); *see* U.S.S.G. § 1B1.13(b) (amended Nov. 1, 2023) (restricting "[e]xtraordinary and compelling reasons" to the enumerated "circumstances or a combination thereof"). Here, the court thoroughly considered all the reasons for release that Keehn raised, including his medical conditions and his concerns about his medical treatment.

Keehn argues that the district court improperly required him to show that he suffered from a medical condition that did not exist at the time of sentencing. Although the court observed that Keehn had not established "any other condition not contemplated at the time of his sentencing that might seriously jeopardize his health," that statement, read in context, was intended simply as a description of the evidence presented, not as a requirement for compassionate release.

2. The district court reasonably found that Keehn's medical conditions and

2

medical care were not "extraordinary and compelling reasons warrant[ing] . . . a [sentence] reduction." 18 U.S.C. § 3582(c)(1)(A)(i). The court did not abuse its discretion when it relied on Bureau of Prisons medical records to conclude that the Bureau adequately treated Keehn's documented health problems and adequately responded to his COVID-19 diagnosis. Furthermore, a "sentencing judge has broad discretion to decide for himself not only the relevance but also the reliability of the sentencing information." *United States v. Morgan*, 595 F.2d 1134, 1138 (9th Cir. 1979). Thus, the court was not required to more fully credit an expert report from Dr. Ogur, who had never personally examined Keehn and who set forth a series of undiagnosed conditions he might have. Despite Dr. Ogur's conclusion that Keehn's medical care was "substandard in failing to properly diagnose his episode of chest pain and his worsening shortness of breath," Keehn had not experienced documented chest pain since April 2021 or any shortness of breath since April 2022. In fact, Keehn's most recent medical record stated that "[a]ll chronic care clinic issues were discussed at length . . . [and Keehn] appears to be doing fairly well clinically." It therefore was not an abuse of discretion for the court to conclude that Keehn's medical conditions did not constitute extraordinary and compelling reasons warranting early release.

    **AFFIRMED.**